GORIN'S, INC. *v.* BOARD OF TAX REVIEW OF THE
TOWN OF WATERBURY

LOISELLE, BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued June 7—decision released August 7, 1979

*Fred B. Rosnick,* for the appellant (plaintiff).

*James F. Meenan,* with whom, on the brief, were
*Carl R. Cicchetti, Robert P. Spataro* and *John A.
Connelly,* for the appellee (defendant).

BOGDANSKI, J.   The plaintiff appealed to the
defendant board of tax review from the tax assess-
ments upon certain of its property in the city of
Waterbury for the years 1974, 1975 and 1976. When
the board refused to reduce the assessments, the
plaintiff appealed to the Court of Common Pleas.
From the judgment of the court dismissing its
appeal, the plaintiff has appealed to this court.

The record reveals that the city's assessor esti-
mated the fair market value of the plaintiff's prop-

erty to be $364,000, for an assessed value of $227,000; the plaintiff's appraiser valued the property at $138,900, for an assessed value of $90,285.

The trial court concluded from the evidence before it that the plaintiff had failed to sustain its burden of showing an excessive assessment; that the single "comparable sale" relied upon by the plaintiff's appraiser was not an arm's length transaction and did not represent the fair market value of the property; and that the city's assessor had utilized a proper unit value in determining the fair market value. In its assignment of errors, the plaintiff has challenged each of the above conclusions as not supported by the evidence or the facts as set forth in the court's finding.[1]  On appeal a trial court's conclusions are tested by the court's finding and cannot be disturbed unless the challenged conclusions are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Belford* v. *New Haven,* 170 Conn. 46, 55, 364 A.2d 194 (1975).

We note at the outset that the valuation of property for assessment purposes has long been a vexed and much litigated problem, as is indicated by the briefs of the parties in the present case.  In this state, the problem has generally been regarded as a question of fact for the trier, provided, of course, that no rule of law has been violated.  *National*

---

[1] The plaintiff has assigned error in the refusal of the court to find that the value of the property on the reproduction less depreciation method is $138,200 as an admitted or undisputed fact.  To secure such an addition to the finding the plaintiff must point to its appendix, pleadings or exhibits properly before the court which disclose that the fact in question was admitted or that its truth was undisputed. *Brauer* v. *Freccia,* 159 Conn. 289, 290, 268 A.2d 645 (1970).  There is nothing in the record to support this claim.

*Folding Box Co.* v. *New Haven,* 146 Conn. 578, 588, 153 A.2d 420 (1959). This approach is understandable when the safeguards employed in the valuation process are considered. The valuation is first fixed by the assessor; an appeal then lies to the board of tax review. A taxpayer who believes he has been aggrieved by the action of a board of tax review has the further right to appeal to the court pursuant to General Statutes § 12-118, which statute expressly confers upon the court broad discretionary power to grant such relief, whether legal or equitable, "upon such terms and in such manner and form as appear equitable."

In an appeal, as here, from a board of tax review, the court performs a double function. The court must first determine whether the plaintiff has met his burden of establishing that he is, in fact, aggrieved by the action of the board. Only when the court finds that the action of the board will result in the payment of an unjust and, therefore, illegal tax, can the court proceed to exercise its broad discretionary power to grant such relief as is appropriate. *National Folding Box Co.* v. *New Haven,* supra, 585; *Sibley* v. *Middlefield,* 143 Conn. 100, 106, 120 A.2d 77 (1956); *Wilcox* v. *Madison,* 103 Conn. 149, 156, 130 A. 84 (1925). The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been overassessed. *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 234, 348 A.2d 641 (1974).

The issue dispositive of this appeal is thus whether the court's conclusion that the plaintiff failed to sustain its burden of establishing that the assessment of its property was excessive is consistent with the facts set forth in the court's finding.

The court, as previously noted, concluded from the evidence before it that the allegedly "comparable sale" relied upon by the plaintiff's appraiser was not an arm's length transaction and did not therefore represent the fair market value of the property in question.

We note that General Statutes § 12-63 mandates that "[t]he present true and actual value of . . . [the] property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale." In its finding the court expressly states that "[t]he property . . . shall be assessed at fair market value and not at a value realized from a forced or bid sale"; that "[t]he market approach to value consists in analyzing and collecting information concerning *sales of comparable properties* . . . , making allowances for any dissimilarities, considering present market conditions and future market trends to arrive at fair market value"; and that "[t]he plaintiff's appraiser relied on one sale which the court finds not to be a comparable sale."[2] (Emphasis added.)

The above facts, as found by the court, are adequately supported by the evidence in the record and are more than sufficient to sustain the court's con-

[2] As to this finding, the evidence printed in the appendix reveals the following testimony by the plaintiff's appraiser: "Mr. Gaber, you did use what approach? A. The market value approach. Q. All right. And is it customary to go out and obtain what we call comparables in the particular area in order to reach a conclusion as to a fair market value? A. As close as possible, yes. . . . The Court: Before you rest, let me ask you [this] question . . . . On this sale that you have, is it comparable, was that an arm's length sale? The Witness: No, sir. That was by bid and the Connecticut —the Colonial Bank & Trust Company and they were the highest bidders."

clusion that the plaintiff had failed to sustain its burden of establishing that the action of the board will result in the payment of an excessive and therefore illegal tax.

There is no error.

In this opinion the other judges concurred.