[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal filed pursuant to Conn. Gen. Stat. Sec.12-118. The plaintiffs Robert and Jeannine Sirois are appealing the decision of the defendant Board of Review of the Town of Harwinton which allegedly made a wrongful assessment of the plaintiffs' property.
Conn. Gen. Stat. Sec. 12-118 as codified in Conn.Public Act No. 89-231, Sec. 4, allows any person claiming to be aggrieved by the action of the Board of Tax Review to take an appeal to the Superior Court within two months from the time of such action. The Board of Tax Review of the Town of Harwinton notified the plaintiffs of their decision regarding the plaintiffs' property by letter dated March 28, 1990. On May 19, 1990, the plaintiffs instituted the present action. The plaintiffs have filed their application within the statutorily prescribed time of "two months from the time of such action." Conn. Gen. Stat. Sec. 12-118.
The plaintiffs are the owners of the subject property who received an adverse decision from the Board of Tax Review and are thereby statutorily aggrieved. Lerner Shops of Connecticut, Inc. v. Waterbury, 151 Conn. 79, 84 (1963). The burden of proof is on the plaintiffs to show that they have, in fact, been aggrieved by the action of the board in that their property was overassessed. CT Page 293 Gorins' Inc. v. Board of Tax Review, 178 Conn. 606, 608 (1979). The trial court hears an appeal pursuant to Sec. 12-118 from the Board of Tax Review de novo. Zachs v. Groppo, 207 Conn. 683, 689
(1988). The function of the court is to ascertain the actual value of the plaintiffs' property. Dikau v. Glastonbury, 156 Conn. 437,444 (1968). The valuation of property for assessment purposes is generally regarded as a question of fact for the trier, provided no rule of law has been violated. Gorins' Inc., 178 Conn. at 607. Although proper deference must be given to the judgment and experience of assessors, Uniroyal Inc. v. Board of Tax Review,182 Conn. 619, 633 n. 8 (1981), "the trier is not limited to arbitrating the differing opinions of the expert witnesses but is to draw its conclusions in light of all the circumstances, the evidence, its general knowledge and its viewing of the premises." Midway Green Corp. v. Board of Tax Review, 8 Conn. App. 440, 442 (1986), citing Pandolph's Auto Parts, Inc. v. Manchester, 184 Conn. 218, 220-221
(1980).
This tax appeal concerns property located at 104 White Oak Drive in the Town of Harwinton assessed on the list of October 1, 1989 and by amendment. The assessment for the land and buildings is as follows:
Original Assessment Amended Assessment Land $89,810.00 $ 89,810.00
Buildings 247,240.00 244,720.00
At 100% $481,500.00 $477,900.00
At 70% $337,050.00 $334,530.00
The plaintiffs purchased the land which consists of 4.77 acres, for $136,000.00 in 1988. Sometime thereafter the plaintiffs contracted to build a home on the premises. Construction of the home was completed in January 1989, and a certificate of occupancy was issued on January 17, 1989. The dwelling is a single family home and contains approximately 3,147 square feet of living space. The house is improved with various "luxury" items including central air conditioning, a sunken whirlpool tub and a built in burglar/fire alarm system.
The plaintiffs argue that since the house was under construction as of October 1, 1988, it was improper for the assessor to make an assessment at that time. The plaintiffs urge the court to set a value for the house as of October 1, 1989, the year the house was completed.
The plaintiffs argue that their assessment should track the consistent downward market value in what became, during the CT Page 294 construction of their home, a depressed real estate market. The defendants claim that that would make an unfair assessment scheme for all other taxpayers.
Pursuant to Conn. Gen. Stat. Sec. 12-62, town assessors shall, every ten years, revalue all real property within their municipalities for assessment. "(T)he decennial revaluation of real property mandated by Sec. 12-62 is the exclusive remedy provided by the legislature for variations in the effect of market conditions on different panels . . ." Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 437 (1987), citing Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619 (1981). The Legislature in enacting Sec. 12-62 has established a policy of revaluing real property so as to set a standard to be fair to all other taxpayers. The appraisal submitted as plaintiffs' exhibit #1 agrees with the defendant Town's assessment of land value. There is some discrepancy with respect to the fair market value of the improvements. The Court has reviewed the exhibits and comparable sales. The Court finds that the defendant Town's assessment is the appropriate valuation for the land and improvements.
The assessment made by the defendant Town of Harwinton is affirmed and the appeal is dismissed.
DRANGINIS, J.