[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's, Mineshwar and Nimal Kathuria, have appealed tax assessments on lots 1, 2 and 3, North Lake Street and Buell Road on the list of October 1, 1988 levied by the assessors for the Town of Litchfield. Following an appeal to the defendant, Board of Tax Review, no changes were made in the assessments.
General Statutes 12-63 mandates that the present true and actual value of. . . the property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale." See Gorin's v. Board of Tax Review,178 Conn. 606, 609; National Folding Box Co. v. New Haven, 146 Conn. 578,584. As stated in Uniroyal v. Board of Tax Review, 182 Conn. 619 at 623:
 In Connecticut, the procedure for taxation of real property is set forth in General Statutes 12-64, which provides that all non-exempt real estate "shall be liable to taxation at a uniform percentage of its present, true and actual valuation to be determined by the assessors. . . ." The three steps necessary to carry out the mandate of 12-64 are: `(a) The fair value of property as of the assessment date must be determined. (b) A percent, not exceeding 100 percent, of the fair value, must be determined by the assessing authority for uniform application to all property within the town. (c) CT Page 1487 The assessment value, i.e., the value for the purpose of taxation, for any given piece of property in the town, must be ascertained by applying the determined uniform percent to its fair value as of the assessment date.[1] Lerner Shops of Connecticut, Inc. v. Waterbury, 151 Conn. 79, 85, 193 A.2d 472 (1963). The plaintiff's first claim asserts that the Middlebury assessment procedure departs from the formula set forth in Lerner Shops of Connecticut, Inc. v. Waterbury, supra.
In reviewing the evidence presented by Mr. Arthur P. Oles for the plaintiffs and Mr. Donald Stern for the defendant, the court has applied the above principles to the respective properties.
 I
Lot 4B — North Lake Street
Lot 4B contains 29.869 acres with 66.14 feet frontage. It was assessed at $370,240.00 true value reduced to $159,170.00 at 70%. Mr. Oles valued this property at $7,000.00 per acre or $210,000.00 whereas Mr. Stern placed a value of $10,750.00 per acre or $320,000.00. This alot has a deed restriction limiting it to one residential building lot. In view of that fact, the excess land and therefore the overall value is diminished. The court finds that the true actual value of this lot as of October 1, 1988 is $7,500.00 per acre or $225,000.00 with an assessed value of $157,500.00.
 II
Lot 4C contains 16.211 acres with a 66 foot frontage. It was assessed at $351,000.00 true value reduced to $175,830.00 at 70%, Mr. Oles valued this property at $10,000.00 per acre or $160,000.00. Mr. Stern placed a value of $14,000.00 or $230,000.00. Both Mr. Oles and Mr. Stern used Chestnut Hill Road as a comparable with Mr. Oles adjusting the per acre price to $9,113.00 and Mr. Stern to $10,325.00. Based upon this evidence, the court finds that $10,000.00 per acre represents the true, actual value and therefore finds that the actual value of this lot as of October 1, 1988 to be $160,000.00 with an assessed value of $112,000.00.
 III
Lot 4D — North Lake Street
Lot 4D is a 10 acre parcel adjoining lot 4C with 210.3 foot frontage. It was assessed at $196,400.00 true value reduced to $137,480.00 at 70%. Mr. Oles valued this lot $14,000.00 per acre or $140,000.00. Mr. Stern used a $18,000.00 figure per acre for a total true value of $180,000.00. In view of the proximity of this lot to numbers 4B and 4C, the court finds that a $14,000.00 figure to be reasonable. Accordingly, it finds that the true actual CT Page 1488 value of this property to be $140,000.00 as of October 1, 1988 with an assessed value of $98,000.00.
 IV
Buell Road
Buell Road is a 37.75 acre piece of property containing 37.75 acres with a 442 foot frontage. It was assessed at $441,390.00 true value reduced to $308,970.00. Mr. Ales placed an $8,500.00 per acre value on the lot for a total value of $320,000.00. Mr. Stern's value was $453,000.00 based upon $12,000.00 per acre. Both appraisers used East Chestnut Hill Road property containing 40.2 acres as a comparable. Mr. Oles adjusted the per acre price to $8,320.00 whereas Mr. Stern adjusted it to $10,400.00. The court accepts Mr. Stern's adjusted value of Chestnut Hill and therefore finds $10,400.00 per acre to be the true actual value of Buell Road as of October 1, 1988 for a total value of $392,600.00 reduced for tax purposes to $274,820.00.
As indicated, the court finds that the assessment records of the Town of Litchfield should be adjusted as of October 1, 1988 as follows:
 Actual Value Assessed Value ------------ -------------- Lot 4B $225,000.00 $157,500.00 Lot 4C $160,000.00 $112,000.00 Lot 4D $140,000.00 $ 98,000.00 Buell Road $392,600.00 $274,820.00
Judgment may enter accordingly.
PICKETT, J.