[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These tax appeals have been consolidated and were tried together.
The plaintiff, Janet A. Irving, is the owner of real estate located at 11 Mack Lane in the Town of Essex. The defendant, Town of Essex, has exercised its power of taxation of real and personal property pursuant to Chapter 203 of the General Statutes.
During 1989, the defendant conducted a revaluation of all real property, within its boundaries, pursuant to General Statutes Sec. 12-62. The defendant assessed the CT Page 8725 plaintiff's property and subsequently altered the assessment value on or about October 1, 1990, December, 1990 and January 21, 1992.
The matters ware fully tried and subsequent thereto the plaintiff filed for leave to amend her complaint to conform to the proof elicited at trial.
Initially the plaintiff sought relief under General Statute Sec. 12-119.
The burden of proof in any tax appeal is on the plaintiff taxpayer; Birchwood Country Club, Inc. v. Board of Tax Review of the Town of Westport, 178 Conn. 295,422 A.2d 304 (1979). Because the plaintiff's appeal were brought under General Statutes Sec. 12-119 she must show a disregard of duty by the assessors, evidence of misfeasance or malfeasance and an inappropriate method of appraisal. Second Stone Ridge Cooperative Corporation v. Bridgeport, 220 Conn. 335,340, 343, 597 A.2d 326 (1991). "Our case law makes clear that a claim that an assessment is `excessive' is not enough to support an action, under this statute" (12-119), supra, 340. In short, the focus on Sec. 12-119 is the illegality of the assessment.
The court finds by a preponderance of the credible, relevant and admissible evidence that the plaintiff has failed to sustain her burden of proof that the taxing authorities of the Town of Essex committed a misfeasance or nonfeasance of their duties or that the assessments of the plaintiff's property was arbitrary or so excessive or discriminatory as to constitute a disregard of duty of their part.
Accordingly, the plaintiff's tax appeals as to General Statute Sec. 12-119 are dismissed.
However, after trial, the plaintiff moved to amend her complaints to conform to the proof by adding a count to each complaint in order to effectuate a tax appeal under General Statute Sec. 12-118. The defendant objects to any retrospective application of any tax appeal that would affect any assessment list that was not timely appealed and accordingly is now time barred. The court concurs. The plaintiff's motion to amend her complaints in order to bring an appeal under General Statutes Sec. 12-118 is granted, but is only applicable to the assessors list of October 1, 1991 and its subsequent effect on future list. As to the amended complaint, the court reiterates its conclusion that count one of each complaint should be resolved in favor of the CT Page 8726 defendant, therefore Count one of each complaint, sounding in General Statutes Sec. 12-119, is hereby dismissed.
After a thorough review of the credible, relevant and admissible evidence, the court finds that the defendant's assessment of the plaintiff's real estate is excessive and should be revised.
In deciding an appeal under Conn. General Statutes Sec. 12-118 the court is to ascertain the true and actual value of the plaintiff's property. Dickau v. Glastonbury, 156 Conn. 437, 441-444, 242 A.2d 777 (1968). "If the court finds that the property has been in fact over valued, it has the power to, and should, correct the valuation." Connecticut Savings Bank v. New Haven, 131 Conn. 575,584-86, 41 A.2d 765 (1945).
"In arriving at its determination as to the correctness of the valuation, the trier is not limited to arbitrating the differing opinions of the expert witnesses, but is to draw its conclusions in light of all the circumstances, the evidence, its general knowledge. . . ." Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217,220, 435 A.2d 24 (1980). "The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part." Smith v. Smith, 183 Conn. 121,123, 438 A.2d 842 (1981). Ultimately the determination of the value of real estate is a matter of opinion, which depends upon the considered judgment of the trial judge who take into account the differing opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency,146 Conn. 421, 425, 151 A.2d 693 (1959). The credit to be afforded the opinion of any party's expert witness is a fact finding function of the trier. Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 607, 424 A.2d 282 (1979).
Guided by the law as outlined above, the court under the facts and circumstances here, finds and concludes that, as of October 1, 1991, the fair market value of the property subject to appeal is as follows:
 Land $458,880 Building $529,448
Total $988,328
Accordingly it is adjudged, that the true and actual value of the plaintiff's property on October 1, 1991 and the assessment based upon the assessors determination that all the property in the town shall be liable for taxation CT Page 8727 at 70% of its true and actual value on said assessment date to be as follows:
True and actual value Assessed value Land $458,880 Land $321,216 Building 529,448 Building 370,613
Total $988,328 Total $691,829
and it is further adjudged that the board of tax review correct the assessment against the applicants accordingly.
SPALLONE, STATE TRIAL REFEREE
CT Page 8730