[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal brought pursuant to Gen. Stat. Sec. 12-118.
The plaintiff, on October 1, 1990, was the owner of certain real estate, land and building, located at 41 West Road, Clinton, Conn. Said site contains the plaintiff's residence and consists of approximately .23 of an acre and is classified as waterfront property since it abuts that portion of Long Island Sound designated as Clinton Harbor.
The defendant, Town of Clinton, pursuant to Chapter 203 of the Connecticut General Statutes, in the exercise of its power of taxation conducted a revaluation of all of the CT Page 4123 real and personal property in town, which revaluation was reflected in the grand list of October 1, 1990. The town engaged the services of Lesher-Glendinning to conduct the revaluation.
Lesher-Glendinning established an assessment value of the plaintiff's land at $280,000.00 and the dwelling thereon at $105,080.00 for a total assessment of $385,080.00 which represented 70% of the fair market value they set at $550,115.00.
The assessors determined that all property in the town of Clinton would be liable for taxation at 70% of its true and actual value on said date.
The plaintiff appealed this valuation and assessment to the Board of Tax Review of the town of Clinton. The defendant board denied the appeal. This appeal followed.
After a full hearing, the defendant represented by counsel, the plaintiff, himself an attorney, appearing pro se, the court based on a preponderance of the credible, relevant and legally admissible evidence finds the facts and concludes as follows.
The plaintiff's expert appraiser, John Trotta, using the comparable sale approach and tangentially referring the cost approach testified that in his opinion the fair market value of the premises was $275,000.00, land and dwelling,
The plaintiff, opined that, as owner, he valued the premises at $325,000.00, land and dwelling.
The defendant's expert appraiser, John J. Valente, utilizing the comparable sales approach and the cost approach estimated the market value of the premises to be $552,000.00.
The town assessor testified that the property was valued on the town records at its true and actual value of $150,110.00 for the dwelling, $400,000.00 for the land for a total of $550,110.00. Said property assessed at 70% of its true and actual value resulted in an assessed value of $280,000.00 for the land and $105,080.00 for the dwelling for a total assessment of $385,080.00.
In deciding an appeal under Conn. Gen. Stat. Sec. CT Page 412412-118, the court is to ascertain the true and actual value of the plaintiff's property. Dickau v. Glastonbury, 156 Conn. 437,441-44, 242 A.2d 777 (1968). "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation" Connecticut Savings Bank v. New Haven, 131 Conn. 557, 584-86, 41 A.2d 765 (1945).
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commission of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitraring the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217
220, 435, A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, 438, A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). The credit to be afforded the opinion of any party's expert witness is a fact finding function of the trier. Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 607, 424 A.2d 282
(1979).
Guided by the principles of law enunciated above and applying them to the acts and circumstances of this case, the court finds that as of October 1, 1990, the fair market value of the property subject to this appeal is as follows:
 Land $400,000.00 Dwelling 125,000.00
Total $525,000.00
Accordingly, it is adjudged that the true and actual value of the plaintiff's property on October 1, 1990 and the assessment based upon the assessor's determination that all CT Page 4125 property in the town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
True and Actual Value Assessed Value
 Land $400,000.00 $280,000.00 Bldg. 125,000.00 87,500.00 Total 525,000.00 367,500.00
and it is further adjudged that the board of tax review correct the assessment against the Plaintiff on the grand lists of October 1, 1990, October 1, 1991 and October 1, 1992, accordingly.
SPALLONE STATE TRIAL REFEREE