[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a real property tax assessment on land located in Manchester, Connecticut consisting of approximately 49.6 acres of raw land. The appeal alleges that the property was valued at $698,600.00 and was assessed at $489,020.00 on the list of October 1, 1990. It further alleges that the valuation was reduced by the Board of Tax Review to $418,100.00, but that that valuation is still grossly excessive, disproportionate and unlawful.
At the trial the plaintiff introduced the testimony of an appraiser, Robert J. McKinney, who testified that notwithstanding the fact that there had been sales of raw land in Manchester during the eighteen month period before and after the date of the town assessment of the property in question he was unable to find any comparable sales. He offered an opinion of the value of the subject property based on a comparison of the assessments of other properties. The defendant offered the testimony of the assessor for the Town of Manchester who stated that the original assessment of the subject property was based on the fair market value of sales of comparable property and on the sales price of the subject property. The present owners of the subject property purchased it approximately nineteen months before the assessment date for $800,000.00. The reduced assessment of $418,020.00 is approximately half of the price paid by the plaintiff's for the property.
In a tax appeal the burden is upon the plaintiff to prove his material allegations, which in this case are that the assessor's valuation was not the present true and actual value, or present fair market value of the property. Thaw v. Fairfield, 132 Conn. 173, 176, 179, 43 A.2d 65 (1945); Dickau v. Glastonbury, 156 Conn. 437, 441, 242 A.2d 777 (1968); Midway CT Page 7956 Green Corporation v. Board of Tax Review, 8 Conn. App. 440, 442,512 A.2d 984 (1986)
Section 12-63 of the Connecticut General Statutes mandates that the assessed value of property shall be at fair market value. "[T]he market approach to value consists in analyzing and collecting information concerning sales of comparable property making allowances for any dissimilarities, considering present market conditions and future market trends to arrive at fair market value." Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 609, 424 A.2d 282 (1979).
Evidence of disproportionate assessments of other properties may only be considered in determining whether an assessment is excessive in relation to the true and actual value of the plaintiff's property. Thaw v. Fairfield, 132 Conn. 173,180, 43 A.2d 65 (1945); O'Brien v. Board of Tax Review,169 Conn. 129, 135, 362 A.2d 914 (1979). Since the plaintiff has presented no evidence of the true and actual value or the fair market value of this property by utilizing the market approach, he may not attempt to circumvent this requirement by offering evidence of alleged disproportionate assessment.
Since the plaintiff has offered no competent evidence as to the fair market value of his property, he has not proved that he is aggrieved by the action of the Board and has not proved that the Board's valuation of the property was excessive. See Gorin's Inc., supra at 608.
For the foregoing reasons the appeal is dismissed.
By The Court,
Aurigemma, J.