[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DECISION RE: TOWN OF BEACON FALL'S MOTION TO DISMISS
The plaintiff, Steven M. Posick, has attempted to bring a statutory tax appeal seeking judicial review of his October 1, 1995 assessment and the defendant Town moved to dismiss on the basis that the plaintiff, Mr. Posick, did not appear before the Board of Assessment Appeals to seek administrative relief prior to bringing this lawsuit. Appeals to the Board of Assessment Appeals are authorized by § 12-111 of the Statutes, as amended by P.A. 283 § 50 (1995) effective July 6, 1995. Section 12-113
C.G.S. makes it clear that a property owner must appear before the Board of Assessments Appeals and pursue administrative remedies before the Board of Assessment Appeals. Although the plaintiff pled that he had done so, the Board's affidavit is uncontradicted that he did not. The statute provides in pertinent part: ". . . [T]he board of tax review shall not reduce the list of any person who does not appear, either in person or by his attorney or agent, and offer or consent to be sworn before it and answer all questions touching his taxable property situated in the town." The Board of Assessment Appeals denied relief. The plaintiff could not be aggrieved by the failure of an assessment appeals to grant assessment relief when, by law, the Board was prohibited from granting such relief because of his nonappearance.
What is contemplated by § 12-113 C.G.S. is a scheme whereby a party must seek relief from the administrative agency first rather than the courts. A party who does not appear to satisfy the statutory requirement of § 12-113 cannot obtain relief from such an administrative agency. This statutory procedure contemplates that no administrative appeal to court may be taken CT Page 9601 where a party did not appear and therefore received a mandatory denial of requested relief. Otherwise, the statutory prohibition against an appeal board denying relief where a party did not appear could have no meaning. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted."Raines v. Freedom of Information Commission, 221 Conn. 482,489-90, 604 A.2d 819 (1992). General Statutes § 12-117a, as amended by P.A. 96-261 effective June 10, 1996, governs appeals to the superior court concerning assessments for the year commencing on or after October 1, 1995. In an appeal pursuant to § 12-117a, the plaintiff taxpayer bears the burden of proving both aggrievement and over assessment. Gorin's, Inc. v. Board of TaxReview, 178 Conn. 606, 608 424 A.2d 282 (1979).
In order to establish aggrievement a twofold set must be met. "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision. . . ." (Citations omitted.) Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). Such aggrievement could not be shown where the denial of the administrative agency was statutorily mandated.
Here the plaintiff was obliged to comply the procedures set forth in General Statutes § 12-113. He did not attend either of the two scheduled Board of Assessment Appeals meetings. He has also failed to provide the Board of Assessment Appeals any evidence that the valuation and tax assessment of his property was excessive or unlawful. He has failed to exhaust administrative remedies.
The court finds that the Motion to Dismiss should be granted for lack of subject matter jurisdiction and, accordingly, it is so ordered.
Flynn, J. CT Page 9602