[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal taken from decision of the Town of Madison Board of Assessment Appeals brought pursuant to Gen. Stat. Sec. 12-117a. No amendments to the original action have been filed by the plaintiffs. CT Page 9614
The plaintiffs, on October 1, 1998, were the owner of certain real estate, land and building, located at 45 Dairy Hill Road, Madison, Connecticut. Said site contains the plaintiffs' residence and consists of approximately 1.47 acres and is classified as residential property.
The defendant, Town of Madison, pursuant to Chapter 203 of the Connecticut General Statutes, in the exercise of its power of taxation conducted a revaluation of all of the real and personal property in town, which revaluation was reflected in the grand list of October 1, 1998. The town engaged the services of "Vision" to conduct the revaluation.
"Vision" established an assessment value of the plaintiff's land at $105,700 and the dwelling thereon, at $201,500 for a total assessment of $307,200 which represented 70 percent of the fair market value they set at $438,800. The assessors determined that all property in the town of Madison would be liable for taxation at 70 percent of its true and actual value on said date.
The plaintiff appealed this valuation and assessment to the Board of Tax Review of the town of Madison. The defendant board denied the appeal. This appeal followed.
After a full hearing, with the defendant represented by counsel and the plaintiffs appearing pro se, the court, based on a preponderance of the credible, relevant, and legally admissible evidence, finds the facts and concludes as follows:
The plaintiffs provided no expert, but both plaintiffs testified as owners of the premises. The testimony of the plaintiffs dwelled on the valuation the town had attributed to their land. They provided evidence of Town valuations for other properties as a basis for comparison. Neither plaintiff testified as to their respective opinion as to the value of the their own property directly. The testimony dwelled on a mechanism called a `land value multiplier' which is their name for a line on the land line valuation section of the assessor's field card, which indicates a "Adj. Unit Price" of 2.48. The plaintiffs opined that this number should have been 1.8 as with some of the properties they introduced filed cards on as comparable properties. This unit price of 2.48 is a neighborhood factor which was applied to every home lot in the plaintiffs' subdivision. As a matter of valuation, so as to infer the value the plaintiffs feel should be attached to their land, it must be understood that the Town, in utilizing a factor of 2.48, then multiplied 2.48 times $60,000 (their building lot assigned value) for land value of $148,800. The plaintiff have excess acreage: the amount over that CT Page 9615 necessary for an approved building lot, of .09 of an acre. The Town assigned a value of $2,200 for the excess acreage, for a total land value of $151,000. Then utilizing the same method, the plaintiffs opine that a unit price (or, land value multiplier) of 1.8 should be utilized as in other neighborhoods they point to, which would result in a multiple of 1.8 times the $60,000 for the lot, or a value of $108,000 plus the excess acreage of $2,200. From this, the court can infer that the plaintiffs opine as owners of the land that the land value of their property is $110,200. The plaintiff offered no evidence of what they felt the value of their property is, as improved. The plaintiffs had disagreed with a part of the valuation performed on their improvements, specifically as to their attic. The Town adjusted this value to the satisfaction of the plaintiffs for Grand Lists of October 1, 1999 and forward; the plaintiffs remain dissatisfied that the adjustment was not applied to Grand List of October 1, 1998.
The defendant's expert appraiser, Thomas Boyle, utilizing the comparable sales approach and the cost approach estimated the market value of the premises to be $440,000 as of October 1, 1998. The town assessor testified that the property was valued on the town records at its true and actual value of $287,800 for the dwelling, $151,000 for the land, all for a total of $438,800. Said property assessed at 70 percent of its true and actual value resulted in an assessed value of $105,700 for the land and $201,500 for the dwelling for a total assessment of $307,200.
In deciding an appeal under Conn. Gen. Stat. § 12-118, the court is to ascertain the true and actual value of the plaintiff's property.Dickau v. Glastonbury, 156 Conn. 437, 441-44, 242 A.2d 777 (1968). "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation" Connecticut Savings Bank v.New Haven, 131 Conn. 557, 584-86, 41 A.2d 765 (1945).
In this case, the trial court must make an independent valuation of the property involved. E F Realty v. Commission of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The court does not arbitrate the differing opinions of the witnesses. The court must make its finding in the light of all the circumstances, the evidence, and general knowledge.Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24
(1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The court may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts, Inc. v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends CT Page 9616 upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). The court shall determine whether to accept the opinion of any party's expert witness. This is a fact finding function. Gorin's, Inc. v. Board of TaxReview, 178 Conn. 606, 607, 424 A.2d 282 (1979).
The court finds that as of October 1, 1998, the fair market value of the property subject to this appeal is as follows:
 Land $145,000 Dwelling $287,800
Totaling $432,800
Accordingly, it is adjudged that the true and actual value of the plaintiff's property on October 1, 1998 and the assessment based upon the assessor's determination that all property in the town shall be liable for taxation at 70 percent of its true and actual value on said assessment date to be as follows:
True and Actual Value Assessed Value
 Land $145,000 $101,500 Bldg. 287,800 201,460
Total $432,800 $302,960
And, it is further adjudged that the board of tax review correct the assessment against the plaintiffs on the grand list of October 1, 1998 accordingly. Costs are not taxed.
It is so Ordered.
By the Court Munro, J.