[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an appeal from the tax assessment pursuant to Connecticut General Statute § 12-117a as amended for the years 1998, 1999, 2000, and 2001.
The applicant was the owner of 25 Aspen Drive, Madison, Connecticut. The defendant Town of Madison by its assessors valued the property on the successive years starting October 1 as follows:
 Land Fair Market Value (FMV) $182,800.00 Building 1,000,500.00
 Total $1.183.500.00 =============
The formula for taxation in Madison is 70% of its true and actual valuation.
The applicant asserts that the assessment for tax at $828,200.00 is not the true and actual value for tax purposes on said property. CT Page 17230
Each of the parties presented their experts as to value in this case. The applicant had Timothy Ryan (Ryan) testify as his appraiser who put a fair market value on the property at between $750,000 and $800,000 or $775,000. Ryan used only the comparable sales approach to determine value because the income or cost approach were not applicable to this residential property. Ryan could not find comparable sales in this area because of the uniqueness of this property. He concluded after viewing other properties that this residence was overbuilt for the area in which it was located and that residences such as this parcel was more likely to be built in the shore area of Madison. In the Ryan Report residences in the immediate area have assessments that varied from the mid $100,000 area to a high of $514,280. On Aspen Drive the values had a mean value of approximately $300,000, whereas the property in this case by the assessors had a FMV of $1,183,000. This court concludes that the Ryan report is correct in concluding that the property was overbuilt for the area. The closest residence to this subject is at 10 Aspen Drive: assessment at $514,280. (See Ryan Report Photograph) Ryan used the expression often used in evaluating properties by real estate appraisers "location, location, location" to arrive at his opinion of the FMV. Ryan stated that the property was sold in 1993 for $980,000. On cross examination Ryan admitted there was no decrease in value from 1993 to 1998 when the appraisal was done in this case.
The Town of Madison presented its appraisal by Thomas Boyle. (Exhibit A) Boyle opined that the FMV of the property is $1,200,000. Boyle's evaluation was as of October 1, 1998 as was the report of Ryan.
Unlike the report of Ryan, Boyle did a sales comparison approach. Boyle had considerable more experience in appraisals of residential properties than Ryan. Boyle opined that he used the cost approach to compare his comparable sales approach. Boyle utilized comparable sales in neighboring towns for his appraisal report.
Essentially this case involves the difference in the FMV set by Ryan and Boyle. The difference between the two evaluations approximately $400,000.
While we have recognized that proper deference should be accorded to assessor's valuation, we have never characterized such deference as a presumption in favor of the validity of the assessment. . . ." StamfordApartments Co. v. Stamford, 203 Conn. 586, 589 (1987).
The burden of proof is on the party claiming aggrievement to prove assessor's valuation [is] not the true and actual value of the property.MacLean v. Darien, 43 Conn. App. 169, 174. CT Page 17231
The court in this case has endeavored to evaluate the disputed evidence and expert opinions. The acceptance or rejection of opinion of an expert witness is a matter peculiarly within the trier of fact. Only after the court determines that a taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however may the court then proceed to the second step in a § 12-117a appeal to exercise its equitable power to grant such relief as to justice and equity applications. . . . See Gorin's, Inc. v. Board of Tax Review, supra,178 Conn. 608; O'Brien v. Board of Tax Review, supra, 169 Conn. 131; see also Newbury Commons Ltd. Partnership v. Stamford, supra, 226 Conn. 104;Hutensky v. Avon, supra 163 Conn. 436-37; Hartford Hospital v. Board ofTax Review, 158 Conn. 138, 148, 256 A.2d 234 (1969); National Folding BoxCo. v. New Haven, 146 Conn. 578, 585, 153 A.2d 420 (1959); UnderwoodTypewriter Co. v. Hartford, 99 Conn. 329, 332-33, 122 A. 91 (1923); Ivesv. Goshen, 65 Conn. 456, 459-60, 32 A. 932 (1985). "If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property."O'Brien v. Board of Tax Review, supra, 131. "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." Hutensky v. Avon, supra, 437; Konover v. WestHartford, 242 Conn. 727, 735, 736.
In this case the applicant, plaintiff has failed to meet his burden of proof to overcome the validity of the assessment. Stamford ApartmentsCo., supra. All that was established was that the property was overbuilt for the location and that in some way this court should decrease the value of the property because of the location. The appraisal of the plaintiff is rejected as being speculative at best for some indeterminate amount because of the location. The evaluations set by the assessor are presumed to be correct. There was no showing by any evidence to overcome the presumption.
This court has weighed the opinions of the experts and finds that the Boyle appraisal and opinion as to value is more persuasive and realistic.
Accordingly, judgment may enter in favor of the defendant. Appeal dismissed.
Frank S. Meadow, J.T.R.