[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (Sullivan) claims aggrievement under Section 12-117a et. seq. of Connecticut General Statutes. Sullivan asserts that the property assessed at 100 percent value on the October 1, 2000 list at $385,000 is grossly excessive, disproportionate and unlawful. The second count of the complaint brought pursuant to Connecticut General Statutes § 12-119
asserts a wrongful tax.
The plaintiff called Philip Ball (Ball) to testify' as to his opinion of value. Ball's report, Exhibit 1, recites that there are two approaches to determine if the assessment is correct, fair and equitable. Determine if the market value is above the 100% revaluation figure then assessment is fair and equitable; if below the 100% then it is unfair and inequitable. The second approach is to investigate other assessments on comparable buildings to determine if subject property assessed at similar rates.
Ball conducted a summary report option. In his report he gives the following description:
 "The subject property is a slightly irregularly shaped, water front, corner parcel enjoying approximately 100 feet of frontage on the south side of Harding Street, approximately 70 feet 3-1/4 inches of frontage on the east side of Koury Court and an undetermined amount of frontage on the mean high water mark of Long Island Sound. This parcel is estimated to contain 7,750 square feet. This lot is generally level, at or about both street grades, well above the mean high water line and is serviced by all utilities.
 At the time of inspection, in the fall of 2001, this CT Page 10982 parcel was improved with a multi-level, Contemporary-design, single family dwelling estimated to contain 3,068 square feet of living area, an irregularly shaped deck and oversized two car garage. This house is more particularly described as follows: it must be noted that your appraiser did not view the property until approximately one year after the operative date of this appraisal. If it can be shown that the subject was significantly different as of the date of revaluation, your appraiser reserves the right to revise this appraisal."
Ball relied exclusively on the market data or direct sales approach. The typical purchase for this type of property is at comparable locations.
Using 4 comparable sales, Ball arrived at a value of $305,000.
John Ward testified as to his appraisal. Exhibit A on behalf of the City of West Haven. In the Ward report he states that there are very few sales of highly similar properties from within the neighborhood. Ward admits in his report that the net adjustments may be high and some of the comparables may be over a mile away. However all comparables sold within 24 months prior to date of sale.
Comparable no. 1 of the Ward report is the same as comparable no. 4 of the Ball report. Ball does not show any adjustments in his report. Both appraisers opine that the property at 582 Ocean Avenue sold for $320,000. Ward adjusted this property for the subject which he opined was worth $25,000 more because it was across the street from the water. Some of his other adjustments may be higher so he didn't put too much emphasis on his price. Comparable no. 2 in both reports show a sales price of $399,900. Ward adjusted this property to the subject and arrived at a value of $391,700.
Ball's appraisal evaluates 209 Ocean Avenue with a sales price of $445,000. The sale occurred 9 days after the date of assessment so he did not use it to form his opinion although it was closest in time of the assessment of the subject property.
Ward opined that his evaluation of the subject property is $375,000.
While we have recognized that proper deference should be accorded to assessor's valuation, we have never characterized such deference as a presumption in favor of the validity of the assessment. . . . StamfordCT Page 10983Apartments Co. v. Stamford, 203 Conn. 586, 589 (1987).
The burden of proof is on the party claiming aggrievement to prove assessor's valuation [is] not the true and actual value of the property.MacLean v. Darien, 43 Conn. App. 169, 174.
The court in this case has endeavored to evaluate the disputed evidence and expert opinions. The acceptance or rejection of opinion of an expert witness is a matter peculiarly within the trier of fact. Only after the court determines that a taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however may the court then proceed to the second step in a § 12-117a appeal to exercise its equitable power to grant such relief as to justice and equity applications. . . . See Gorin's, Inc. v. Board of Tax Review, supra,178 Conn. 608; O'Brien v. Board of Tax Review, supra, 169 Conn. 131; see also Newbury Commons Ltd. Partnership v. Stamford supra, 226 Conn. 104;Hutensky v. Avon, supra 163 Conn. 436-37; Hartford Hospital v. Board ofTax Review, 158 Conn. 138, 148, 256 A.2d 234 (1969); National Folding BoxCo. v. New Haven, 146 Conn. 578, 585, 153 A.2d 420 (1959); UnderwoodTypewriter Co. v. Hartford, 99 Conn. 329, 332-33, 122 A.91 (1923); Ivesv. Goshen, 65 Conn. 456, 459-60, 32 A. 932 (1985). "If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property." CT Page 10984O'Brien v. Board of Tax Review, supra, 131. "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." Hutensky v. Avon, supra, 437; Konover v. WestHartford, 242 Conn. 727, 735, 736.
It appears from all the evidence adduced at trial that the evaluation placed upon it by the assessor was well within the correct limits and that the refusal of the Board of Tax Review to alter the assessment was not improper.
The court finds that the plaintiff has failed to meet the burden of proof that the assessment was excessive, disproportionate and unlawful. Accordingly deference in this case is in favor of the assessor's evaluation.
The plaintiff has failed to prove the invalidity of the assessment in the Second Count. Accordingly, judgment is entered in favor of the defendants as to all counts.
Frank S. Meadow, J.T.R. CT Page 10985