[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the Plaintiff from the actions of the Board of Assessment Appeals of the Town of Somers regarding the Town's assessment of four properties owned by the Plaintiff on the grand lists of the Town for tax years 1997 to 2001.[1] Those properties are 10 Manse Hill Road; 19 Manse Hill Road; 28 Bradway Road and 707 Hall Hill Road in Somers. The Plaintiff alleges that the Town's valuations of these properties based on 1994 assessments are grossly excessive, disproportionate and unlawful. The Plaintiff further alleges that it appealed to the Board of Assessment Appeals but the Board upheld the valuations.
Trial commenced in this matter on February 26, 2001 but was not completed at that time. The matter was rescheduled for trial on July 22, 2002 and it was agreed by the parties that a mistrial would be declared as to the February 26th trial yet the court could consider the testimony presented at that time as evidence in this trial. On July 22nd the parties also stipulated that the fair market value of 19 Manse Hill Road is $10,000 and the fair market value of 28 Bradway Road is $4,500. Thus the court is only required to determine this appeal as it relates to the property located at 10 Manse Hill Road and 707 Hall Hill Road.
Based upon a review of the transcript of the February 26th trial as well as the evidence presented to the court on July 22nd the court finds the following facts. The Plaintiff is a real estate development company that has existed since 1953 and has constructed hundreds of homes. Both 10 Manse Hill Road and 707 Hall Hill Road are vacant lots within an approved subdivision developed by the Plaintiff. The Plaintiff purchased 10 Manse Hill Road, along with two other lots, from a partner in the project in 1995 for $90,000. The property at 10 Manse Hill Road consists of 1.44 acres and the property at 707 Hall Hill Road consists of 1.74 acres. The lots have been for sale for some time yet the Plaintiff has no price assigned to them. It uses the "For Sale" signs on these lots CT Page 11066 essentially as advertisements for its other lots. When inquiries are made as to these lots, potential buyers are advised of the difficulties associated with building on them and are referred to other lots. Although the Plaintiff claims that the lots are not buildable, the company has never applied for, or been denied, any of the permits necessary to build on the properties. Even though the Plaintiff claims that the expense to develop these lots would be very high, it has not obtained any estimates of the actual costs of such development.
The Plaintiff's appraiser opined that the highest and best use of both properties is as additional land for an abutting land owner. He noted that 10 Manse Hill Road containes a pond and therefore a wetlands permit would be required to build on the lot, although such a permit is required for all building in Somers. The appraiser also noted that 707 Hall Hill Road is very wet. In establishing the value of 10 Manse Hill Road he used comparable sales which occurred in 1995, 1997 and 1998. For 707 Hall Hill Road he used sales which occurred only in 1997. Using the comparable sales approach, he valued the property at 10 Manse Hill Road at $7,200 and the property at 707 Hall Hill Road at $17,400, as of July 14, 1998, although he stated that the values of both lots would be the same in 1994.
The Town's appraiser appraised the lots as building lots. He based his opinion on the fact that the Town's Sanitarian found that as to 10 Manse Hill Road, although the lot was "limited to development" because of "marginal soil conditions for subsurface sewage disposal and the presence [of] wetlands on the property," that if it were to be developed, an engineer's design would need to be submitted and approved by the Somers Conservation Commission. The Town's appraiser took into account the added costs of development in his valuation. As to 707 Hall Hill Road, the Town's appraiser considered the fact that in its 1998 appeal to the Board of Assessment Appeals the Plaintiff indicated that "[w]ith the approval of the Zoning Board of Appeals, there is the possibility of building a two or three bedroom house" on the lot. Based on comparable sales, he valued 10 Manse Hill Road at $40,000 and 707 Hall Hill Road at $50,000, as of October 1, 1994. These values are less than the values on which the Town's assessments for these properties are based.
The basic principles on which the court must decide this matter were reiterated by the Supreme Court in Union Carbide Corp. v. City ofDanbury, 257 Conn. 865, 870 (2001). There the Court stated: "`[I]nIreland v. Wethersfield, 242 Conn. 550, 698 A.2d 888 (1997), we [set forth] the legal tenets governing tax appeals brought pursuant to §12-117a. . . . [T]he trial court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of CT Page 11067 the [taxpayer's] property. . . . At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has overassessed its property. . . . The trier of fact must arrive at his own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value. . . .'" "`If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property.' O'Brien v. Board of TaxReview, supra [169 Conn. 129], 131. `If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation.' Hutensky v. Avon, supra [163 Conn. 436], 437." Konover v.Town of West Hartford, 242 Conn. 727, 735-736 (1997).
"The cases on establishing a true and actual value differ, however, depending on whether the taxpayer has met his initial burden of establishing that his tax assessment was excessive. If the trial court finds that the taxpayer has failed to meet his burden because, for example, the court finds unpersuasive the method of valuation espoused by the taxpayer's appraiser, the trial court may render judgment for the town on that basis alone. On appeals by the taxpayer, we have regularly affirmed such judgments without a showing that the town adduced affirmative evidence sufficient to demonstrate that the assessor's determination of market value was not unjust. See, e.g., Gorin's, Inc.v. Board of Tax Review, 178 Conn. 606, 608-10, 424 A.2d 282 (1979); NewHaven Water Co. v. Board of Tax Review, supra, 239-40. If, however, the trial court finds that the taxpayer, in light of the persuasiveness, for example, of his appraiser, has demonstrated an overvaluation of his property, the trial court must then undertake a further inquiry to determine the amount of the reassessment that would be just. See O'Brienv. Board of Tax Review, supra, 169 Conn. 131. It is in the context of such cases, namely, cases in which the taxpayer has met his initial burden of proving overvaluation, that we have noted the trial court's discretionary authority to find value and have declined to assign presumptive validity to the town's assessment figure. Carol ManagementCorp. v. Board of Tax Review, 228 Conn. 23, 36-37, 633 A.2d 1368 (1993);Newbury Commons Ltd. Partnership v. Stamford, supra, 226 Conn. 103-105;Stamford Apartments Co. v. Stamford, supra, 203 Conn. 589-90." Irelandv. Town of Wethersfield, 242 Conn. 550, 557-558 (1997).
In this case, as in Ireland, the central issue is the classification of the Plaintiff's property. In Ireland the issue was whether the land was properly characterized as a residential subdivision or as recreational land. Here the central issue is whether the two lots should be assessed CT Page 11068 as raw land or as buildable lots. The Plaintiff claims that the lots are not buildable while the Town claims that they are. The Plaintiff's appraiser valued the lots as raw land rather than as building lots. As to the proper characterization of the lots, the court finds that the Plaintiff has not met its burden of persuasion.
The testimony of the Plaintiff's representative that the lots are not buildable was unpersuasive. Even though the lots are part of an approved subdivision, the Plaintiff has not made any serious effort to develop the lots nor to obtain the necessary permits and approvals to do so. Although the Plaintiff's appraiser felt it would be difficult to develop the lots because of the wetlands on them, the Plaintiff's president admitted that his company has developed other properties in the past where there are wetlands. In addition, the company has not obtained any estimates of the costs of development which might indicate that such costs would be prohibitive. Yet in 1998 the Plaintiff's then president indicated to the Board of Assessment Appeals that he believed that with appropriate approvals a house could be built on 707 Hall Hill Road. As to 10 Manse Hill Road, although recognizing that an engineered septic system would be required, the Town Sanitarian has indicated that the lot could be developed. Therefore the Plaintiff has not met its burden to establish that the Town's assessment of the lots as buildable lots is excessive. Therefore the court is not required to make a determination of value. "Only after the trial judge determines that the taxpayer has met his burden of proving that the refusal of the board of tax review to alter it was incorrect does the court proceed to the second step in a section12-117a appeal and use its equitable powers to set a just assessment." R. Fuller. 9A Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 45.4, p. 395. However the Town's appraiser testified that the values of the properties are less than originally set by the Town in 1994 and the parties have so stipulated as to 19 Manse Hill Road and 28 Bradway Road.
The court therefore finds that as of October 1, 1994 the fair market value of 19 Manse Hill Road is $10,000; the fair market value of 28 Bradway Road is $4,500; the fair market value of 10 Manse Hill Road is $40,000 and the fair market value of 707 Hall Hill Road is $50,000. Judgment shall enter accordingly.
Scholl, J.