ALLAN HUTENSKY, TRUSTEE *v.* TOWN OF AVON

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 7—decided July 18, 1972

*Paul W. Orth,* with whom, on the brief, was *Robert C. Hunt, Jr.,* for the appellant (defendant).

*Louise H. Hunt,* with whom, on the brief, was *David Kotkin,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff, Allan Hutensky, trustee, appealed to the Court of Common Pleas from the refusal of the board of tax review of the town of Avon to reduce the valuation placed on his real estate located in the town of Avon. At the request of counsel for the plaintiff, the court referred the case to a referee who, acting as the court, reduced the valuation and the defendant town of Avon has appealed.[1]

The defendant assigns error in several findings, conclusions and rulings of the court. A number of these assignments were not pursued in the defendant's brief and are, therefore, considered abandoned. *Stoner* v. *Stoner,* 163 Conn. 345, 349, 307 A.2d 146; *Southern New England Telephone Co.* v. *Rosenberg,* 159 Conn. 503, 509, 271 A.2d 87. Notwithstanding the fact that the assignments of error attacking the finding in eight respects as found without evidence are considered abandoned, an examination of the appendices indicates that these attacked findings are supported by the evidence. With respect to the remaining assignments of error, the defendant argues that (1) the court abused its discretion by reducing the valuation of the property when the assessor's action had not been discriminatory or so unreasonable that the property was substantially overvalued, and that (2) the court's conclusions as to the value of the property were not supported by the evidence.

The court found the following facts: The plaintiff purchased a tract of land which is partly within the town of Simsbury and partly within the town of

---

[1] It should be emphasized that except at the request of the court or judge a party should not recommend the appointment of any particular referee to whom a case shall be referred. Practice Book § 351.

Avon. The parcel is located in the vicinity of the intersection of routes 44 and 167. That part of the tract located within Avon is triangular in shape, with a 500-foot southern edge fronting on route 44, a 250-foot eastern edge running to a point, and an area of 64,904 square feet or 1.49 acres. It was in an established business area of Avon, partly at street grade and level, contained no site improvements, and was subject to a requirement prohibiting construction within seventy-five feet of route 44. Its area, shape and setback building line make it a difficult lot for building construction. The plaintiff purchased the Avon property in conjunction with the adjoining Simsbury land for commercial development, the best use for the land. The Avon property was purchased by the plaintiff from Newton MacDonald and was formerly a portion of a large tract in Avon owned by MacDonald and assessed as a single parcel. The value of the Avon parcel was enhanced by its use in conjunction with the Simsbury tract.

Due to the severance of the triangular parcel from the MacDonald property, the Avon assessor redetermined the value of the plaintiff's land as of October 1, 1968. He first used a front-foot factor with an additional depth factor. The assessor concluded that this method of valuation was unfair. He then used a valuation of $1.25 per square foot, which is equivalent to the valuation of a normal lot 200 feet by 200 feet in size, based on the $250 front-foot factor which the assessor customarily used. This is the same unit evaluation as that applied in a 1967 general evaluation of the MacDonald property before the triangular parcel was severed from it in June, 1968.

In the opinion of a qualified appraiser appearing for the defendant, the value of the plaintiff's Avon land, based on comparable sales, was $1.50 per square

foot. Appraisers appearing for the plaintiff respectively considered the fair market value of the Avon parcel, based on comparable sales, to be $28,900, or 44½¢ per square foot, and $28,831, or $19,530 per acre. The valuations of the plaintiff's qualified appraisers represent the price which the plaintiff paid for the whole tract lying in both Avon and Simsbury, divided by the number of square feet, or acres, that the tract contained. The court found that a unit value of $1.25 per square foot was excessive in view of the size, shape and setback requirement of the Avon parcel. These factors reduce the "buildability" and value of the Avon property. The sales of comparable property were made at 40¢ to 50¢ per square foot. The court concluded that the plaintiff's Avon property had a value of 50¢ per square foot.

An appeal from a decision of a board of tax review invokes the equitable powers of the court and is governed by General Statutes § 12-118. That section provides that "[t]he court shall have power to grant such relief as to justice and equity appertains." The court is not limited to a review of whether an assessor's action has been unreasonable or discriminatory or has resulted in substantial overvaluation. Mere overvaluation is enough to justify redress under § 12-118. *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 409, 151 A.2d 700, cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352; *Cooley Chevrolet* v. *West Haven,* 146 Conn. 165, 166, 148 A.2d 327. A taxpayer who is aggrieved by the decision of the board of tax review has an appeal to the courts where the matter is tried de novo. *Sibley* v. *Middlefield,* 143 Conn. 100, 106, 120 A.2d 77; *Connecticut Savings Bank* v. *New Haven,* 131 Conn. 575, 584, 586, 41 A.2d 765; *Edgewood School, Inc.* v. *Greenwich,* 131 Conn. 179, 184, 38 A.2d 792. In the appeal to the court, the ultimate

question is the ascertainment of the true and actual value of the plaintiff's property. *Dickau* v. *Glastonbury,* 156 Conn. 437, 441, 444, 242 A.2d 777; *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 673, 154 A.2d 608. If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation. *Connecticut Savings Bank* v. *New Haven,* supra. "In this state, property is liable to taxation at a uniform percentage of its true and actual value. General Statutes § 12-64; *Connecticut Light & Power Co.* v. *Monroe,* 149 Conn. 450, 452, 181 A.2d 118. . . . The best test for the determination of value ordinarily is that of market sales. *Burritt Mutual Savings Bank* v. *New Britain,* . . . [146 Conn. 669, 674, 154 A.2d 608]." *Federated Department Stores, Inc* v. *Board of Tax Review,* 162 Conn. 77, 86, 291 A.2d 715.

The defendant attacked the court's conclusions that the second comparable sale used by the defendant's appraiser represents market value in the area and that the Avon property had no value or useful purpose. Conclusions are tested by the finding. *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 271, 287 A.2d 374; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 78, 239 A.2d 500. A conclusion must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of some erroneous rule of law. *Schnier* v. *Ives,* 162 Conn. 171, 177, 293 A.2d 1. Although mentioned in the appendices, there is no finding which supports the conclusion as to the character of the defendant's second comparable sale nor is there any finding which supports the absence of the parcel's value or utility. Consequently, these conclusions cannot stand. *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308.

The defendant also attacks the court's conclusion that "[t]he value of the Avon parcel should be $.50 a square foot or $32,452.00." The court found that all of the appraisers who appeared before it based their valuations on the cost per acre or square foot in comparable sales and that the assessor, after due consideration, used a square-foot valuation. In an unattacked finding, it also found that "comparable sales in the area were about 40¢ to 50¢ per square foot." The essence of the defendant's attack on the court's valuation is that the court accepted the testimony of the plaintiff's experts that the worth of the property was in the vicinity of 50¢ per square foot and rejected the testimony of the defendant's expert that the worth of the property was $1.50 per square foot. The appraisals of the plaintiff's experts approximate the 44½¢ per square foot price which the plaintiff paid for the Avon and Simsbury parcels. "That the opinion of an expert offered by the defendant was in conflict with the opinions of other witnesses did not require the court to accept his thesis or reasoning." *Humphrys* v. *Beach,* 149 Conn. 14, 20, 175 A.2d 363. "It was the prerogative of the referee to accept the testimony of the plaintiff's experts rather than that offered by the defendants." *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641; *Cecio Bros., Inc.* v. *Feldmann,* supra; *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 348, 232 A.2d 307. The court's conclusion as to the value of the Avon property is adequately supported by the findings and does not depend on an erroneous rule of law.

There is no error.

In this opinion the other judges concurred.