MIDWAY GREEN CORPORATION *v.* BOARD OF TAX REVIEW OF THE TOWN OF WINDSOR (4451)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs June 19—decision released August 5, 1986

*Sanford J. Plepler* filed a brief for the appellant (plaintiff).

*Vincent W. Oswecki, Jr.,* filed a brief for the appellee (defendant).

Spallone, J. The plaintiff has appealed from the judgment rendered after the trial court dismissed its tax appeal. The plaintiff challenged the assessment of its real estate by the town of Windsor on the grand lists of October 1, 1982, 1983 and 1984. In its original complaint, the plaintiff appealed from the decision of the defendant, the Windsor board of tax review, assessing the plaintiff's real estate in the amount of $2,325,880 on the grand list of October 1, 1982. By amendments to its complaint, the defendant appealed the assessment of $2,828,740 on the grand list of both October 1, 1983, and October 1, 1984. After a full trial, the court sustained the action of the board and rendered judgment for the defendant.

On appeal to this court, the plaintiff claims that the decision of the trial court is erroneous because it held that the plaintiff failed to sustain its burden of proof as to whether the action of the assessor, in not lowering the percentage of completion regarding a commercial building located on the property, was a nonfeasance or misfeasance. The plaintiff also claims that the court's conclusion as to the fair market value of the property was erroneous.

Regardless of the arguments pressed by the plaintiff, this appeal is predicated upon the proposition that the court should have accepted the plaintiff's rather than the defendant's appraisers' valuation of the real estate in question. Further, although the plaintiff emphasizes in its brief a "percentage of completion" variance found in the reports of different appraisers, such an argument is irrelevant and unavailing since an appraisal is based on the fair market value of the real estate on a given date rather than on the percentage of completion on that date.

The only question properly before us is whether the conclusion of the trial court is supported by the evidence

adduced at the trial. In an appeal from the action of a board of tax review, the function of the trial court is the ascertainment of the true and actual value of the plaintiff's property. *Dickau* v. *Glastonbury,* 156 Conn. 437, 444, 242 A.2d 777 (1968); see *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 673, 154 A.2d 608 (1959). The ultimate decision for the court is whether, considering all of the evidence, including a viewing of the property, the plaintiff has proved by a fair preponderance of the evidence that any of the assessments on its property were illegal or excessive. Our Supreme Court has noted that this is a difficult burden. *Uniroyal, Inc.* v. *Board of Tax Review,* 182 Conn. 619, 633 n.8, 438 A.2d 782 (1981). " '[P]roper deference must be given to the judgment and experience of assessors.' " Id., quoting *Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 668, 364 A.2d 178 (1975). In applying this principle, " '[t]he law contemplates that a wide discretion is to be accorded to assessors, and unless their action is discriminatory or so unreasonable that property is substantially overvalued and thus injustice and illegality result, their opinion and judgment should control in the determination of value for taxation purposes.' " *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 86, 291 A.2d 715 (1971), quoting *Burritt Mutual Savings Bank* v. *New Britain,* supra, 675; see *Somers* v. *Meriden,* 119 Conn. 5, 13, 174 A. 184 (1934). Only if the court finds that the property has been overvalued by the assessors, can it exercise its power to correct the valuation. *Hutensky* v. *Avon,* 163 Conn. 433, 437, 311 A.2d 92 (1972).

In arriving at its determination as to the correctness of the valuation, the trier is not limited to arbitrating the differing opinions of the expert witnesses but is to draw its conclusions in light of all the circumstances, the evidence, its general knowledge and its

viewing of the premises. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981); *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 348, 232 A.2d 307 (1967); *Filipetti* v. *Filipetti,* 2 Conn. App. 456, 459, 479 A.2d 1229, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). Ultimately, the determination of the value of real estate is a matter of opinion, which depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693 (1959). The credit to be afforded the opinion of any party's expert witness is a fact-finding function of the trier. *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 607, 424 A.2d 282 (1979); *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 588, 153 A.2d 420 (1959).

As we have stated above, the plaintiff's arguments with regard to the discrepancies in the various appraisal reports in no way affect the central issue in this appeal, which is the correctness of the defendant's assessment. Also, the plaintiff's allusion to the action of the town's assessor in not making a change concerning the percentage of completion as somehow constituting a wrong that should result in a finding that the assessment was illegal, is wholly without merit.

There is no error.

In this opinion the other judges concurred.