[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs, Sidney R. Bowen, III and Judith H. Bowen, pursuant to General Statutes 12-118, from a decision of the defendant City of Stamford Board of Tax Review. The Bowens' property, which they own as joint tenants, is located on the north side of Rogers Road in Stamford, and consists of approximately 2.9 acres, or 126,000 square feet, and has water frontage on Long Island CT Page 10684 Sound for over 250 feet.
The only issue in this appeal is the value of the land.[1] The assessment on the grand list of October 1, 1986 was $312,430, which, at a rate of 70%, translated into a fair market value of $446,328. General Statutes 12-64. The plaintiffs appealed this assessment to the defendant Board; General Statutes 12-111; which reduced the assessment by $42,000 to $270,430. This appeal followed. The plaintiffs subsequently amended their complaint to include a challenge to the assessed valuations on the grand lists of October 1, 1987, 1988, 1989, and 1990. General Statutes 12-118.
The Bowens purchased their land in May of 1983 for $368,000, and the sales price included the purchase of a one-quarter interest in an adjacent sixty-foot wide parcel leading from Rogers Road to the Sound. There was testimony that this one-quarter interest was worth $36,000 at the time of purchase, so in effect the Bowens paid $332,000 for their land. Prior to the Bowens' purchase of the property it had been valued at $546,324, which, at 70% resulted in an assessment on the grand list of October 1, 1983 of $312,430. The plaintiffs first applied to the defendant Board in early 1984 for a reduction in this assessment, and the Board responded by reducing the assessment by $70,000 to $312,430, which represents a fair market value of $446,328. The Bowens did not appeal that decision to the Superior Court.
In early 1987, the plaintiffs applied a second time to the defendant Board of Tax Review seeking a further reduction of the assessment on the list of October 1, 1986, and the Board again reduced the assessment of $312,430 by $42,000, for a new assessment of $270,430, which is equivalent to a market value of $386,328.[2]
The parties in this case agree that although the property is located in the R-20 zone, permitting lots of 20,000 square feet, a deed restriction prohibits any subdivision, and that the original 1981 assessment had failed to reflect this restriction and had assumed that at least four additional lots could be developed.[3] The Board of Tax Review in reducing the assessment first by $70,000 in 1984, and then by an additional $42,000 in 1987, did not state any reasons for its actions. However, the defendant's expert appraiser at the time of trial testified that he fully understood that the subject premises could not be subdivided, and that his opinion of value was based solely on the fair market value of the one existing lot. CT Page 10685
The plaintiffs' appraiser testified that in his opinion the 2.9 acre parcel was worth $270,700, or an assessed value of $189,490. He used three comparable sales in arriving at his conclusion of value.[4] These were sales in 1976, 1977, and 1981, with sale prices of $3.00, $2.50, and $3.10 per square foot, respectively. The appraiser valued 40,000 square feet of the plaintiffs' property at $3.25 per square foot, and the balance of 86,324 square feet at $1.63 per square foot. In my opinion, the basis for these figures was not adequately explained. He also compared a 2.48 acre waterfront property to the Bowen land, and testified that although this other property was in his opinion more valuable than the subject premises the Board of Tax Review had reduced the assessment on this property from $245,715 to $197,430.
The defendant's expert, on the other hand, testified that the land had a fair market value of $390,000, which would result in an assessment of $273,000. The two appraisers thus varied in their opinion as to market value by approximately $120,000, which in turn would result in a assessment differing by some $83,000. The defendant's expert also used comparable sales to value the subject premises. He referred to four sales in 1978, 1981 and 1982, for $143,000, $285,000, $325,000 and $210,000, of a 3.5 acre parcel, two one-half acre parcels, and a .13 acre parcel, respectively. He then made certain adjustments for differing locations and other features, and concluded that the value of the subject premises was $390,000. The basis for these adjustments was also somewhat vague.
The standard of review in an appeal pursuant to General Statutes 12-118 was set out in detail in Stamford Apartments Co. v. Stamford, 203 Conn. 586, 588-89,525 A.2d 1327 (1987), as follows: (i) the case is heard de novo and not on the record as an administrative appeal; (ii) the plaintiff has the burden to prove that the defendant assessor's valuation is excessive; (iii) this burden is a "difficult" one because "proper deference" as well as a "wide discretion" must be accorded to the assessors; (iv) but there is no presumption in favor of the assessor's valuation which needs to be rebutted by the taxpayer; and (v) the court's task is to determine whether the property has been "substantially overvalued," and if so, then to ascertain the true and actual value of the plaintiff's property.
As was said in Midway Green Corporation v. Board of Tax Review, 8 Conn. App. 440, 442, 512 A.2d 984 (1986): "Only if the court finds that the property has been overvalued by the CT Page 10686 assessor can it exercise its power to correct the valuation." According to Executive Square Limited Partnership v. Board of Tax Review, 11 Conn. App. 566, 570,528 A.2d 409 (1987): "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation. . . Mere overvaluation is enough to justify redress under 12-118."
It is this court's opinion that under the circumstances of this case the most accurate indicator of value, as of October 1, 1981, is the price that the Bowens paid in the summer of 1983, approximately two years after the 1981 assessment. There was no indication that the market value of their land had changed materially in that interval. The comparable sales used by both appraisers are necessarily inexact because the subject premises are unique, and it is at least arguable that the adjustments of sale prices by the parties were utilized to justify opinions as to value that had already been reached. I would prefer to rely upon an admitted arms-length transaction in which the Bowens paid $332,000 for their property at a time relatively close to the assessment date as the best indicator of market value. "Fair market value" is defined as "the value that would be fixed in fair negotiations between a desirous buyer and a willing seller, neither under any undue compulsion to make a deal." Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380,390, 389 A.2d 734 (1978). Thus, using an actual sale as an indicator of market value is appropriate. Furthermore, an actual sale justified a revaluation in 84 Century Limited Partnership v. Board of Tax Review, 207 Conn. 250, 261,541 A.2d 478 (1988), which held that General Statutes 12-55
permits a new assessment in the interim years between decennial revaluations if a property is sold at an increased value as compared with other properties in the town.
I therefore find that the fair and actual value of the plaintiffs' property was, as of October 1, 1981, $332,000. Thus the defendant's assessment was unreasonable and the property was overvalued. The appeal of the plaintiffs is sustained as they are aggrieved, and judgment may enter establishing $232,400 as the assessed value of the subject premises for October 1, 1986 and subsequent years.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of December, 1991.