[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Frances Goldstein, pursuant to General Statutes 12-118, from a decision of the defendant City of Bridgeport Board of Tax Review. The plaintiff's property consists of a condominium located at 3200 Park Avenue in Bridgeport, known as Unit 5A. Plaintiff has two bedrooms and two baths on the fifth floor of an eleven story building known as the Inwood Condominium South.
The assessor of the City of Bridgeport revalued all property as of October 1, 1983; General Statutes 12-62; and determined that the new assessment for the plaintiff's condominium was $92,750, which, at a rate of 70% translated into a fair market value of $132,500. General Statutes12-62a(b).[1] The plaintiff appealed this assessment to the defendant Board of Tax Review; General Statutes 12-111; which refused to reduce the assessment and this appeal followed.
The plaintiff subsequently amended her complaint to include a challenge to the assessed valuations on the grand lists of October 1, 1984, 1985, 1986, 1987, 1988, 1989, 1990, and 1991. General Statutes12-118.
The standard of review in an appeal pursuant to General Statutes12-118 was set out in detail in Stamford Apartments Co. v. Stamford,203 Conn. 586, 588-89, 525 A.2d 1327 (1987), as follows (i) the case is heard de novo; (ii) the plaintiff has the burden of proving that the defendant assessor's valuation is excessive; (iii) this burden is a "difficult" one because "proper deference" as well as a "wide discretion" must be accorded to the assessors; (iv) but there is no presumption in favor of the assessor's valuation which needs to be rebutted by the taxpayer; and (v) the court's task is to determine whether the property has been "substantially overvalued," and if so, then to ascertain the true and actual value of the plaintiff's property.
As was said in Midway Green Corporation v. Board of Tax Review,8 Conn. App. 440, 442, 512 A.2d 984 (1986), "[o]nly if the court finds that the property has been overvalued by the assessor can it exercise its power to correct the valuation." According to Executive Square Limited Partnership v. Board of Tax Review, 11 Conn. App. 566, 570,528 A.2d 409 (1987), "[i]f the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation. . . Mere overvaluation is enough to justify redress under 12-118." CT Page 7427
General Statutes 12-63 indicates that the standard for valuation is the property's "present true and actual valuation," which is synonymous with market value, fair market value, and market value. Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619, 623 n. 3, 438 A.2d 782 (1981).
"Fair market value" is defined as "the value that would be fixed in fair negotiations between a desirous buyer and a willing seller, neither under any undue compulsion to make a deal." Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380, 390, 389 A.2d 734 (1978).
Second Stone Ridge Cooperative Corporation v. Bridgeport, 220 Conn. 335,342, 597 A.2d 326 (1991), indicates that "[a]t least four methods exist for determining the fair market value of property for taxation purposes: (1) analysis of comparable sales; (2) capitalization of gross income; (3) capitalization of net income; and (4) reproduction cost less depreciation and obsolescence." Although all of these methods have been approved for valuing property, "fair market value is generally best ascertained by reference to market sales", according to Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380, 385-86, 389 A.2d 734 (1978); Burritt Mutual Savings Bank v. New Britain, 146 Conn. 669, 674,154 A.2d 608 (1959)("[t]he best test for the determination of value is ordinarily that of market sales").
The plaintiffs' appraiser testified that in his opinion the fair market value of the subject premises on October 1, 1983, was $120,000, rather than $132,500, as determined by the assessor. This would mean an assessed value of $84,000. He used three comparable sales all in the same building in arriving at his conclusion of value. Two of the sales were on the seventh and eighth floors respectively, and the units were larger. The most comparable sale, in the court's opinion, was one on the sixth floor, one floor higher than the subject premises, but with the same size. This sale occurred on November 1, 1982, eleven months before the assessment date in question, and was for $130,000.
The defendant's appraiser did not testify, but in his written report he referred to a number of sales, all of which occurred after October 1, 1983, and many of which were in the other and newer building. He did not refer to any sales on the fifth floor of the subject building.
Under the circumstances of this case, the most accurate indicator of value of the subject unit, as of October 1, 1983, was, as indicated previously, the sale of unit 6B for $130,000. This unit would be more valuable because it was one story higher, but the sale took place eleven months before the assessment date, and with inflation, it seems reasonable to conclude that the plaintiff's unit some eleven months later would be worth just about the same, $130,000, very much in line with the assessment being appealed by the plaintiff.
Mindful of the lack of precision inherent in the assessment process; Second Stone Bridge Cooperative Corporation, supra, 342; the court CT Page 7428 concludes that the plaintiff has not sustained her burden of proving that defendant's valuation of her property was excessive. As a result, plaintiff is deemed not to be aggrieved. Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 608, 424 A.2d 282 (1979)("[t]he court must first determine whether the plaintiff has met his burden of establishing that he is, in fact, aggrieved by the action of the board. Only when the court finds that the action of the board will result in the payment of an unjust and, therefore, illegal tax, can the court proceed to exercise its broad discretionary power to grant such relief as is appropriate").
I therefore find that the fair and actual market value of the plaintiff's property was, as of October 1, 1983, $132,500, and that the defendant's assessment was not unreasonable and the property was not overvalued. Thus, the appeal of the plaintiff is dismissed.
So Ordered.
Dated at Bridgeport, Connecticut, this 6 day of August, 1992.
WILLIAM B. LEWIS, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 7440