[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sandra Weiner, brings this appeal pursuant to § 12-117a of the Connecticut General Statutes, challenging the assessed value of real property and improvements owned by her at 12 Bonny Road, Brookfield.
The dwelling, used by the plaintiff as her primary residence, is located on 2.70 acres in a residential zone.
The home is a Tudor-style colonial, including an above ground swimming pool, a wood deck, a cathedral ceiling, and a fireplace in both the living room and the family room. (Exhibit 1 and Exhibit A.)
As a result of mandated revaluation the Brookfield assessor placed a market value of $398,600 on the plaintiff's property, effective on the Grand List of October 1, 1993 (effective July 1, 1994).
Using the 70 percent of fair market value figure, the property was determined to have an assessed value of $279,020.
The plaintiff appealed from the valuation of her property by the BrookfieId tax assessor on the Grand List of October 1, 1995 to the Board of Assessment Appeals.
A timely appeal was commenced from the decision of the Board of Assessment Appeals, affirming the decision of the assessor, CT Page 10152 and the value determined following revaluation on the Grand List of October 1, 1993.
In her amended complaint dated September 2, 1998, the plaintiff included taxes on the Grand Lists of October 1, 1996 and October 1, 1997 in her appeal.
By stipulation dated September 2, 1998, the parties agreed to allow the plaintiff to amend her complaint.
Although the defendants initially claimed, by way of special defense, that the plaintiff was precluded from contesting the valuation because she failed to appeal during the year of revaluation, that claim was withdrawn prior to trial, and was not included in the September 3, 1998 answer.
The fact that the revaluation forms the basis for a yearly assessment, is of no consequence to the issue of whether a timely appeal was taken. Jupiter Realty Company v. Board of Tax Review,242 Conn. 363, 374 (1997).
The plaintiff testified that 12 Bonny Road has been occupied as her primary residence since 1984. The home was constructed by the plaintiff's husband, a building contractor.
Testimony was received from Robert J. Petrini, a real estate appraiser.
Using the sales comparison approach, Mr. Petrini determined that the fair market value of the property on October 1, 1993 was $360,000. (Exhibit 1.)
The market sales or comparative sales approach to the valuation of property is considered the best and most reliable method. O'Brien v. Board of Tax Review, 169 Conn. 129, 138
(1975).
Using this analysis, Mr. Petrini determined that the assessed value should be $252,000 or $27,020, less that assigned by the revaluation company and approved by the Brookfield Tax Assessor.
The defendant presented testimony from Brookfield Tax Assessor, Joseph Kusiak, in support of the position of the Board of Assessment Review. CT Page 10153
In May of 1996, following the initiation of this appeal, Mr. Kusiak inspected the premises and compared his findings with those of the revaluation firm.
He discovered several discrepancies, including a disparity in the actual square footage of the dwelling. The revaluation firm's figure was 787 feet more than that discovered by the assessor during his on site inspection (4, 655 feet to 3, 868 feet).
Based upon objective criteria discovered during his inspection, the assessor concluded that the valuation would have been $197,547 or $13,230, less than that reported on the Grand Lists of 1993, 1994 and 1995.
However, being unwilling to concede that the property had been overvalued, Mr. Kusiak injected a subjective criterion into the analysis, and concluded that the property had been undervalued by $2590 at the time of the 1993 revaluation.
The revaluation firm used a "grade adjustment" figure of 1.20 as part of its analysis.
Grade adjustment represents a method used by assessors to account for variations in the quality of construction, as compared to other homes in the general area.
Because 12 Bonny Road was built by the owner's husband, a builder, in 1984, Mr. Kusiak used a 1.30 grade adjustment following his 1996 inspection, thus giving the property a fair market value of $402,300.
Therefore, in his opinion, the assessed value should have been $281,610.
Although specifically authorized by law to increase the valuation of property as contained in the Grand List, if necessary, to equalize assessments correct mistakes,[1] no changes were recommended by the assessor for the Grand List of October 1, 1996 or that of October 1, 1997.
The observations made during the inspection are, however, noted on the assessment card. (Exhibit A.)
 AGGRIEVEMENT
CT Page 10154
In an appeal pursuant to § 12-117a, the taxpayer has the burden of establishing two things: (1) that he has been aggrieved by the decision of the board of assessment appeals, and (2) if aggrievement is demonstrated, what the value of the property is.Konover v. Town of West Hartford, 242 Conn. 727, 734-35 (1997). Proof must be by a fair preponderance of the evidence. Sears,Roebuck and Company v. Board of Tax Review, 241 Conn. 749, 756
(1997); Chapman v. Ellington, 33, Conn. App. 270, 280 (1993).
It is not necessary for a taxpayer to prove that the assessment is unreasonable or discriminatory in order to support a finding of aggrievement. Mere overvaluation is sufficient to justify redress by a reviewing court. Newbury Commons LimitedPartnership v. Stamford, 226 Conn. 92, 103-04 (1993).
Here, the plaintiff's expert, Robert Petrini, testified that the assessment was overvalued by $27,020.
The conclusion of the revaluation firm engaged by the Town of Brookfield was called into question by the tax assessor. The glaring square footage variation is particularly noteworthy.
A finding of overvaluation is therefore warranted by the testimony of both the plaintiff's expert and the assessor.
The court finds that the property was overvalued, and therefore the plaintiff, Sandra Weiner, is aggrieved by the decision of the Brookfield Board of Assessment Appeals.
 VALUE OF PROPERTY
Appeals under § 12-117a of the General Statutes are triedde novo by the court. Xerox Corporation v. Board of Tax Review,240 Conn. 192, 204 (1997); New Haven Water Co. v. Board of TaxReview, 166 Conn. 232, 234 (1974). If the court finds that the property has been overvalued, it has the power to correct the valuation. Hutensky v. Avon, 163 Conn. 433, 437 (1972).
The accuracy of the revaluation figure arrived at prior to the Grand List of October 1, 1993, was challenge both by the plaintiff's expert and by Brookfield Tax Assessor, Joseph Kusiak.
Mr. Kusiak, however, compromised his own credibility through his change in grade machinations, negating the overvaluation of the revaluation firm's calculations, and substituting an opinion CT Page 10155 $2590 higher than the Grand List of 1995.
As a municipal assessor, Mr. Kusiak has a duty unrelated to the revaluation process to achieve a fair and equitable assessment for all taxpayers. He enjoys broad powers to allow interim changes in assessments, consistent with a watchdog role, in determining whether an assessment is too high or too low. 84Century Limited Partnership v. Board of Tax Review,207 Conn. 250, 262 (1985).
Despite the clear authority to do so, he recommended no changes in the assessment for the Grand Lists of October 1, 1996 or October 1, 1997. Nor was a change in grade adjustment recommended for this home, constructed in 1984.
It appears that the assessor's use of the grade adjustment was result-oriented.
Based upon the testimony received at trial, the court adopts the fair market value presented by Robert Petrini, and makes the following findings:
1. It is found that the fair market value of 12 Bonny Road, Brookfield, on October 1, 1993, was $360,000. (Exhibit 1.)
2. It is found that the assessed valuation of 12 Bonny Road, Brookfield, on October 1, 1993, based upon 70 percent of fair market value, was $252,000.
3. It is found that the property at 12 Bonny Road, Brookfield, was overvalued for purposes of assessment by $27,020 on the Grand Lists of
4. It is found that the plaintiff is entitled to reimbursement by the defendant, Town of Brookfield, for any overpayment of taxes based upon the Grand Lists of October 1, 1995, October 1, 1996 and October 1, 1997.
5. It is found that the plaintiff shall recover interest from the defendant, Town of Brookfield, pursuant to § 37-3a of the Connecticut General Statutes, on all overpayments made, at the rate of 10 percent.
Judgment may enter in favor of the plaintiff, plus interest accrued to date, and costs of this action, upon receipt of a motion filed in accordance with § 12-117a of the Connecticut General Statutes, requesting the relief to which she is entitled. CT Page 10156
The plaintiff's appeal from the decision of the Brookfield Board of Assessment Appeals is sustained.
Radcliffe, J.