[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Robert T. Deveney and Siobham M. Deveney, bring this appeal contesting the assessment of real property owned by them at 10 Greenleaf Farm Road, Newtown.
The Town of Newtown underwent revaluation in 1995, at which CT Page 5140 time the tax assessor determined that the assessment of the plaintiffs' property was $720,360, calculated at 70 percent of the fair market value.
The plaintiffs appealed the decision of the tax assessor to the Board of Assessment Appeals of the Town of Newton, which upheld the decision of the assessor for the Grand List of October 1, 1995.
The plaintiffs also appealed to the defendant, Board of Assessment Appeals, concerning the assessments for two additional parcels owned by them, 12 Greenleaf Farms Road, and 11 Jangling Plain Road.
Although the initial appeal to this court concerned all three parcels, in their revised complaint dated March 22, 1999, the plaintiffs contest only the assessed value of the land and improvements at 10 Greenleaf Farm Road.
The Board of Assessment Appeals reduced the assessed value of both 12 Greenleaf Farms Road and 11 Jangling Plain Road during proceedings before that body. (See answer to revised complaint, dated December 24, 1996.)
This appeal involves only the 10 Greenleaf Farms Road property, concerning assessments on the Grand Lists of October 1, 1995, October 1, 1996 and October 1, 1997 (Assessor's Map 8, Block 1, Lot 25).
The 1995 assessment was based on a fair market value of $1,029,100, which included $134,750 attributable to the land, and $894,310 attributable to the improvements.
The property consists of 4.204 acres located in a R-3 (three acre minimum) residential zone, in the Greenleaf Farms subdivision, located off a public highway with the ironic designation Poverty Hollow Road.
The dwelling, constructed in 1994, consists of 6,946 square feet of gross living area, and is of brick and wood frame construction.
The location of the subdivision was described at trial as a "very special neighborhood" and "the best neighborhood in Newtown" by appraisers who presented expert testimony. CT Page 5141
It is located near Newtown's border with Redding.
Testimony at trial was limited to appraisers engaged by each of the parties.
The Newtown Tax Assessor did not testify.
The plaintiff presented testimony and a report (Exhibit 1) from Michael A. Mazzia, IFA.
He rendered the opinion that the fair market value of the property with improvements on October 1, 1995 was $825,000.
Christopher Kerin, an appraiser retained by the Town of Newtown, found the value of the property, using the "sales comparison approach," to be $1,030,000, while the "cost approach" resulted in a value of $1,090,000.
 STANDARD OF REVIEW
In an appeal pursuant to § 12-117a[1] of the Connecticut General Statutes, the trial court performs a two step function.
The court must first determine whether the property has been overassessed, thus demonstrating that the property owner is aggrieved by the action of the board. The burden is on the plaintiff to prove that the property has been overassessed.Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 608 (1979);Konover v. Town of West Hartford, 242 Conn. 727, 734 (1997);Executive Square Ltd. Partnership v. Board of Tax Review,11 Conn. App. 566, 571 (1987).
Only after the taxpayer has met this initial burden of proving that the assessor's valuation was excessive, and the refusal of the board to alter the assessment was improper, may the court proceed to step two — using its equitable powers to try the matter de novo, and determine the true and actual value of the property. Konover v. Town of West Hartford, supra, 735;O'Brien v. Board of Tax Review, 169 Conn. 129, 131 (1975).
Although the law contemplates that a wide discretion is to be accorded to assessors, an assessor's valuation carries no presumption in favor of its validity. Stamford Apartments Co. v.CT Page 5142Stamford, 203 Conn. 586, 589 (1987); Ireland v. Town ofWethersfield, 41 Conn. App. 421, 426 (1996).
Where, as here, neither the municipal assessor or the appraiser who valued the property during the revaluation procedure testified at trial, no deference to the assessor's valuation is warranted, when determining whether the plaintiffs have sustained their burden of proving that the property was overvalued. Carol Management Corp. v. Board of Tax Review,228 Conn. 23, 36 (1993).
The court is therefore required to review the testimony of the appraisers presented by both the taxpayers and the municipality to ascertain whether the property has been overvalued.
The credibility of the appraisers, and the credit to be afforded to their testimony, necessarily involve the fact-finding function committed to the court as the trier of fact. NewburyCommon Limited Partnership v. Stamford, 226 Conn. 92, 99 (1993);Midway Green Corporation v. Board of Tax Review,8 Conn. App. 440, 443 (1986).
 PLAINTIFFS HAVE FAILED TO PROVE PROPERTY WAS OVERVALUED
It is generally agreed that the fair market value of real property is best determined with reference to market sales.Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380, 385-86
(1978); Hutensky v. Avon, 163 Conn. 433, 437 (1972).
However, although the sales comparison approach is clearly the preferred method of valuation, a court is not precluded from considering alternative methods of valuation in arriving at the value of property. Uniroyal, Inc. v. Board of Tax Review, supra, 386; New Haven Water Co. v. Board of Tax Review, 166 Conn. 232,236 (1974).
In this case, the subject property has not been sold or transferred since its construction in 1994.
While both appraisers evaluated the subject property utilizing both the "sales comparison approach" and the "replacement cost approach," Christopher Kerin combined the two approaches giving a "weighted" value to each approach. CT Page 5143
Appraisals can be made which combine various approaches to valuation and involve more than one theory of valuation. HeatherLyn Ltd. Partnership v. Griswold, 38 Conn. App. 158, 164 (1995).
Kerin testified that given the home's 1994 construction date, and the absence of any actual sales date concerning the property, that an appraisal method which allocated 80 percent to the market sales approach, and 20 percent to the replacement cost approach was appropriate, given the factors involved.
Using that method, he offered a fair market value of $1,040,000, for an indicated assessment of $728,000, slightly in excess of the figure determined by the assessor.
Using the sales comparison approach exclusively, Kerin determined a fair market value of $1,030,000, virtually the identical value assigned during the 1995 assessment process.
The court has examined the sales comparison data provided by both the plaintiff's appraiser and the appraiser engaged by the Town of Newtown.
Both agree, that the value of the property exceeds one million dollars when the replacement cost approach is utilized.
Although the replacement cost approach is not the most favored approach to valuation, the court agrees with the town's appraiser that the method should not be disregarded altogether, when the property involves new construction, in what all parties acknowledge to be a unique neighborhood.
Both appraisers listed the quality of the construction as "very good" and superior to the construction of the comparable sales which were utilized.
Although Kerin used three comparable sales in the immediate neighborhood, the plaintiffs' appraiser used only one neighborhood sale, 17 Equestrial Ridge. The other sales were between two and four miles from the subject location.
The court finds that the appraisal of Christopher Kerin more accurately reflects the fair market value of the subject property than the Mazzia Appraisal (Exhibit 1).
Utilizing either the sales comparison approach, the CT Page 5144 replacement cost approach, or the reconciliation approach (Exhibit A, p. 34), the Kerin values are consistent with the assessment appealed from ($1,029,100 fair market value, $720,360 assessment).
Although the court has given no deference to the value assigned by the Newtown assessor, the plaintiffs have failed to prove that the figure appealed from is excessive.
The failure of the plaintiffs to meet their burden of proving that the property is overvalued requires dismissal of the appeal, without the need to determine the fair market value of the property. Ireland v. Town of Wethersfield, 242 Conn. 550, 557
(1997).
While it is found, based upon the evidence presented, that the fair market value of the subject property is best reflected by the reconciliation approach employed by Christopher Kerin, that finding is not necessary for the disposition of this appeal.
The appeal of the plaintiffs, Robert T. Deveney and Siobham M. Deveney, is dismissed.
Radcliffe, J.