[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Wallingford Center Associates ("The Center") appeals the valuation placed upon the property for the years 1991 through 1994 by the tax assessors of Wallingford ("Wallingford").
Wallingford valued the property at $2,104,700.00. An appeal to the Board of Tax Review made no changes. The amended complaint dated September 16, 1999 claims true and actual value was grossly excessive, disproportionate and unlawful.
The appeal is authorized under § 12-117a. In Konover v.West Hartford, 242 Conn. 727, 734-736 (1997) the Supreme Court held:
In a § 12-117a appeal, the trial court performs a two step function. "The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been over assessed."Gorin's. Inc. v. Board of Tax Review, 178 Conn. 606, 608,424 A.2d 282 (1979); O'Brien v. Board of Tax Review, 169 Conn. 129
131, 362 A.2d 914 (1975). In this regard, "[m]ere overvaluation is sufficient to justify redress under [sec 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation. Newbury Commons Ltd. Partnership v.Stamford, 226 Conn. 92, 104, 6262 A.2d 1292 (1993); O'Brien v.Board of Tax Review, supra, 130-31; see also Hutensky v. Avon,163 Conn. 433, 436-37, 311 A.2d 92 (1972). "Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier." Newbury Commons Ltd. Partnership v.Stamford, supra, 104. "The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value including his own view of the property." O'Brien v. Board of Tax Review, supra, 136.
Only after the court determines that the taxpayer has met his CT Page 15712 burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to "grant such relief as to justice and equity appertains . . ." See Gorins's Inc. v. Board of Tax Review, supra, 178 Conn. 608; O'Brien v. Board of Tax Review, supra,169 Conn. 131; see also Newbury Commons Ltd. Partnership v. Stamford, supra, 226 Conn. 104; Hutensky v. Avon, supra, 163 Conn. 436-37;Hartford Hospital v. Board of Tax Review, 158 Conn. 138, 148,256 A.2d 234 (1969); National Folding Box Co. v. New Haven,146 Conn. 578, 585 153 A.2d 420 (1959); Underwood Typewriter Co. v.Hartford, 99 Conn. 329, 332-33, 122 A. 91 (1923); Ives v. Goshen,65 Conn. 456, 459-60, 32 A. 932 (1985). "If a taxpayer is found to be aggrieved by the decision of the Board of Tax Review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property." O'Brien v. Board of Tax Review, supra, 131. "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." Hutensky v.Avon, supra, 437.
The trier arrives at his own conclusion as to the value of land by weighing the opinion of the appraiser, the claims of the parties in light of all circumstances or evidence bearing on value and his own general knowledge of the elements going to establish value.
Photographs in the Nitz Real Estate Appraisal have provided this court with a good view of the premises. The property, irregularly shaped, consists of 6.74 acres. 500 feet of frontage on the easterly side along North Main Street Extension and a right of way 50 feet running on the Westerly side to North Colony Road in the Town of Wallingford. The frontage on North Colony Road is commonly referred to as Route 5 which is a major thoroughfare with a variety of commercial, industrial and residential uses. The Nitz Appraisal ("Nitz") for the Town describes the property as a desirable commercial location. North Main Street Extension is also commercially developed with office buildings and some retail use.
The Property was acquired by the plaintiff on November 14, 1988 and contained a multi-unit truck terminal and warehouse distribution facility of masonry construction, containing approximately 46,358 square feet and used as a truck terminal. CT Page 15713
Both appraisers agreed that the highest and best use of the property was for retail and commercial development. The determination of the property's highest and best use is part of the determination of fair market value (FMV).
Fair market value is the price that a willing buyer would pay a willing seller. Carol Management Corp., supra 228 Con. At 34 citing Mazzole v. Commission of Transportation, 175 Conn. 576,581-82 (1978). Nitz for the town placed a value as of October 1, 1991 of $2,022,000,00. DiMarco appraiser for the plaintiff making the same assumption of highest and best use as retail/commercial came up with a value of $1,200,000.00.
Both of the appraisers considered the cost per square foot of land. Each appraiser valued the property not only on sales price per acre of land but also on the sales price per square foot of building that could be built on the land under consideration. Nitz in his report Exhibit A on pp 26-35 used six sales including one of the purchases paid by the plaintiff when Real Estate was at its peak in 1988-1989. The plaintiff points out that the Real Estate market fell apart shortly after plaintiff purchased the property. The court is not unmindful of the greatest reduction in real estate values from 1989 through 1991. The plaintiff argues that the purchase price of the property is not illustrative of the fair market value on October 1, 1991.
Each of the appraisers used sales comparison to determine the value of the property. But the comparable used by the appraisers are substantially different, particularly the locations. As the plaintiff argues the comparable sales number 2 and 5 are located on Route 1 better known as the Post Road. The corridor of this street runs through Milford and Orange one of the most desirable areas to develop retail properties. The access to the subject property is a 50 foot strip on the two lane Route 5 in Wallingford and this court being familiar with both areas concludes notwithstanding the minus adjustment without stating the percentage, is not a useful comparable.
Nitz likewise did not consider or take into account that the property had not yet been approved for retail/commercial development. Nitz also used as a comparable, the $2,750,000.00 purchase price paid by the plaintiff for the property at the peak of the market just before the collapse in the real estate market in Connecticut and elsewhere. CT Page 15714
Peter Penzer, a partner of the plaintiff testified of the frustrations he met when he originally applied for a 72,000 square foot shopping center. The property was stymied in its access along the principal highway Rte 5 because it could not have two way traffic without getting unattainable contiguous land.
After an application for 72,000 foot building was rejected, a second request was made for approval of less than 40,000 square feet to avoid the problems created with the State Traffic Commission for the 72,000 square foot building. The plaintiff argues that the town's position was that it wanted compliance set forth by the State Traffic "Commission study that resulted in costs that made the development of the property for retail use prohibitive.
The defendant (page 6 of Brief of Town of Wallingford) argues that the Nitz analysis opines that the cost per acre of $300,000.00 the fair market value of the property value is $300,000.00 x 6.74 acres equals $2,022,000.00 and according the property value would be $35.00 per square foot building area based upon the sales in his report. The defendant admits that Nitz did not make a determination as to how large a building would be approved on this site. The court has already pointed out the faults of the Nitz reports locations. DiMarco used a $25.00 per square foot building area based upon a 60,000 square foot building which is a more realistic size to consider land to building ratio. Nitz fails to give the court any support for his evaluation of value as to land to building ratio which a prospective purchaser would surely consider. The defendant at page 6 concedes that the range of value between DiMarco and Nitz is $1,500,000.00 to $2,100,000.00 respectively.
The plaintiff further points out that there was one comparable sale that was used by both appraisers in Berlin Connecticut on Webster Square Road consisting of 6.71 acres sold in December 1991 for $1,200,000.00, the court agrees that the valuation per acre on this sale of $178,838.00 is supportive of the DiMarco analysis.
The court has reviewed all the evidence and conflicting expert opinions. The credibility of a particular expert is a crucial factor to the court's decision. The court rejects the waiting periods discussed by the plaintiff, particularly the time CT Page 15715 of three years it would take for approvals to develop. Fair market value is the price that a willing buyer would pay a willing seller. See Carol Management Corp. , supra 228 Connecticut at 34 citing Mazzola v. Commission of Transportation, 175 conn. 576, 581-582 (1978).
The defendants argue that both appraisers, Nitz and Mark R. DiMarco (DiMarco) appraiser of the plaintiff, did not find an issue of development problems under the Zoning Regulations.
Feigenbaum v. Waterbury, 20 Conn. App. 148 makes clear the "acceptance or rejection of the opinion of the expert witnesses is a matter peculiarly within the Province of the trier of fact . . ."
The court need not address the argument of the plaintiff concerning the use of § 12-63b since both appraisers used fair market value at its highest and best use pursuant to §12-63.
The court however concludes that the plaintiff has met its burden of proof that the plaintiff is aggrieved by action of the board and the property was over assessed as of October 1, 1991.
The court has weighed the opinions of the experts in this case and finds that the DiMarco opinion is most persuasive and his methodology is more realistic. The court having weighed all the evidence in this case and reviewed the arguments briefed by the parties finds that the fair market value of the property on October 1, 1991 is $1,500,000.00.
Accordingly corrections should be made for the years 1991, 1992, 1993 and 1994.
Frank S. Meadow, J.T.R.