[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellants have filed this appeal from the actions of the Board of Assessment Appeals of the Town of Madison. The first count claims aggrievement as a result of the erroneous appraisal of their property under General Statutes § 12-117a. The second count alleges a wrongful assessment of their property under General Statutes § 12-119.
The evidence has established the appellants have been the owners of the property since 1965. The property was appraised on the grand list of October 1, 1998 as follows:
 Building 191,300 Land 88,900 Outbuilding 30
Total 280,500
All real estate in the town was assessed for 70% of the appraised value, and the assessed value was $196,300.
On March 2, 1999 the appellants were notified by a letter that their assessment was increased to $204,300 because the original revaluation did not correctly represent the former garage area of the house. On January 18, 2000 the appellants then received a written assessment notice that for 1999 that pursuant to General Statutes § 12-55 the assessment is changed as follows:
 This year 196,300 Last year 184,400 Reason for change: CL. Error
CT Page 12038
Pursuant to § 12-111 of the General Statutes an appeal hearing must be filed on or before February 20, 2000 with the Board of Assessment Appeals.
On February 17, 2000, the appellants filed a petition to the Board of Assessment Appeals claiming the following:
 Appraised value 261,866 Assessed value 183,306
On March 29, 2000 the Board of Appeals reduced the appraised value to $276,400 and the assessed value to $193,500.
The appellants claim as the reasons for this appeal:
1. Incorrect appraisal of the furnace utility room;
2. Incorrect appraisal of a garage bay;
3. Incorrect appraisal of a laundry utility room;
4. Incorrect appraisal of the area over the garage; and
5. Incorrect appraisal of the second floor of the house.
For the foregoing reasons the appellants claim the valuation should be reduced to $261,886 and the assessment thereof be reduced to $183,306.
The issues raised by the appellants are (I) whether the Board of Appeals failed to properly apply the appraisal standards or guidelines established by the Town of Madison in assessing the appellants' property; (2) whether the alleged standards were the sole basis for an appraisal; and (3) whether the appellants sustained their burden of proof.
The appellant Robert Montgomery testified regarding the method used by the Assessor of the defendant. He had reviewed the cards maintained by that office and he disputed the designation of various areas of the interior of his home. He also disputed the measurements of some areas as reflected on the field cards. He did not have an appraisal made for this appeal and his proof at the trial was based upon his opinion that the assessment was not in compliance with the standards established by the Town. He did not present any evidence of the fair market value of the subject property.
The defendant presented Thomas Boyle, a real estate appraiser who was CT Page 12039 familiar with real property values in Madison. In valuating the property as of October 1, 1998 which was the last reassessment date, he considered both comparable sales of three properties as well as the cost approach. Mr. Boyle testified the fair market value of the subject property on October 1, 1998 was $280,000. The appraisal describes the subject property as to its location and construction. The report relies upon three comparable sales of similar residences in the town of Madison. With adjustments for variables in the comparables the appraiser arrives at the fair market value of the subject property.
The appeal is authorized under § 12-117a. In Konover v. WestHartford, 242 Conn. 727, 734-736 (1997) the Supreme Court held:
In a § 12-117a appeal, the trial court performs a two step function. "The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been over assessed." Gorin's, Inc. v. Board of TaxReview, 178 Conn. 606, 608, 424 A.2d 282 (1979); O'Brien v. Board of TaxReview, 169 Conn. 129, 131, 362 A.2d 914 (1975). In this regard, "[m]ere overvaluation is sufficient to justify redress under [sec 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation. Newbury Commons Ltd. Partnership v. Stamford, 226 Conn. 92,104, 626 A.2d 1292 (1993); O'Brien v. Board of Tax Review, supra, 130-31; see also Hutensky v. Avon, 163 Conn. 433, 436-37, 311 A.2d 92
(1972). "Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier." Newbury Commons Ltd.Partnership v. Stanford, supra, 104. "The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value including his own view of the property." O'Brienv. Board of Tax Review, supra, 136.
Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a
appeal and exercise its equitable power to "grant such relief as to justice and equity appertains . . ." See Gorin's, Inc. v. Board of TaxReview, supra, 178 Conn. 608; O'Brien v. Board of Tax Review, supra,169 Conn. 131; see also Newbury Commons Ltd. Partnership v. Stamford, supra, 226 Conn. 104; Hutensky v. Avon, supra, 163 Conn. 436-37; HartfordHospital v. Board of Tax Review, 158 Conn. 138, 148, 256 A.2d 234
(1969); National Folding Box Co. v. New Haven, 146 Conn. 578, 585,153 A.2d 420 (1959); Underwood Typewriter Co. v. Hartford, 99 Conn. 329, CT Page 12040 332-33, 122 A. 91 (1923); Ives v. Goshen, 65 Conn. 456, 459-60, 32 A. 932
(1985). "If a taxpayer is found to be aggrieved by the decision of the Board of Tax Review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property." O'Brien v. Board of Tax Review, supra, 131. "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." Hutensky v. Avon, supra. 437.
The trier arrives at his own conclusion as to the value of land by weighing the opinion of the appraiser, the claims of the parties in light of all circumstances or evidence bearing on value and his own general knowledge of the elements going to establish value.
In the case of Chapman v. Town of Ellington, 33 Conn. App. 270 the plaintiff claimed the building assessment cards were in error and they included values for nonexisting basements and therefore the values of the property were inflated. The assessor in that case contended the computations on the assessment cards were not used to arrive at the assessed value of the property. The appellate court in that case stated "In determining the value of property for tax purposes, the assessor must use the fair market value of the real property. General Statutes 12-63". That statute establishes the rule of valuation for real property which states "The present true and actual value of . . . property, shall be deemed by assessors and boards of assessment appeals to be the fair market value thereof. . . ."
The legislature of the State has established the law for all towns in Connecticut regarding the taxation of real property, as well as the rights of property owners to appeal for wrongful assessments. The defendant does not have the legal right to establish its own regulations for assessments if they conflict with the state statutes. The statute regarding valuation required the plaintiff appellant in this case to present evidence of the fair market value to sustain his burden of proof. The ultimate decision is whether the plaintiff has sustained his burden of proving the assessments of his property were illegal or excessive. This court can only exercise its power to correct the valuation if it finds the property has been overvalued by the assessor. Midway GreenCorp. v. Board of Tax Review, 8 Conn. App. 440, 442.
The plaintiff has not proven the assessment of his property was manifestly excessive or that the statutes of the state were disregarded. The valuation of the property by the independent appraiser Thomas Boyle as of October 1, 1998 is accepted by this court as the fair market value of the property. The plaintiff is not entitled to the relief requested and the appeal is therefore dismissed. CT Page 12041
Howard F. Zoarski Judge Trial Referee